[No. 368.   Decided August 29, 1892.]

EUGENE CHEVRET, *et al., Appellants,* v. MECHANICS' MILL AND LUMBER COMPANY, AND JOHN BELISLE, *Respondents.*

LABORERS' LIEN—NOTICE—PARTIES—PLEADING—DEMURRER.

The joinder of several claimants of laborers' liens in one notice of lien, where the character of the claims is the same, the same property is proceeded against and each claim is separately stated, is authorized by Gen. Stat., § 1691, which provides for the joinder in one action of foreclosure by persons claiming liens against the same property.

In such a case, where the claim of each plaintiff is separately pleaded, if any of the causes of action are well pleaded, a general demurrer to the complaint for want of sufficient facts should be overruled.

*Appeal from Superior Court, King County.*

*W. D. Lambuth,* for appellants.

*Wiestling & Wiestling,* for respondents.

The opinion of the court was delivered by

SCOTT, J.—The appellants brought an action to foreclose laborers' liens claimed by them upon certain saw logs. But two lien notices were filed, some of the plaintiffs joining in each, and they all join in the action to foreclose. The claim of each plaintiff is separately pleaded, and was separately stated in the notice of lien. The defendants demurred to the complaint generally, upon the ground that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and the plaintiffs appealed.

It is contended that there is no foundation for the liens, because a separate notice thereof was not filed by each claimant. It has been held by some courts that the right

46—4 WASH.

to join in such a lien notice must come from a statute. Sec. 1691, Gen. Stat., provides that "any number of persons claiming liens under this chapter may join in the same action, and when separate actions are commenced the court may consolidate them." If they may join in one action, we see no reason why they may not as well join in the lien notice; and we think that this statute, rightfully interpreted, authorizes them to do so. The character of the claims is the same; it is the same property that is being proceeded against; and the proceeding is substantially *in rem.* A notice of each separate claim can be given in one instrument, although several parties unite therein, and give notice of several different liens. The filing of one instrument, therefore, is much less expensive. No particular form of notice is required. If it gives a notice of each claim the essential object is fully attained.

Some further objections are raised to the notices of liens, in that one of the plaintiffs, Narcisse Pepin, is a claimant in both of them. The amounts he claims vary, and he did not verify the second notice. Also for the reason that Eugene Chevret's name appears to the jurat of the second notice, and not elsewhere; and because he also is one of the parties joining in the first notice. That one "——Marshall [the cook]," whose name appears in the body of the notice, as here given, neither signed nor verified it. The first notice, in which eleven of the plaintiffs joined, appears to be sufficient; but the other notice is defective, excepting as to George Ferrari. The general demurrer, however, would not reach these defects.

If any of the causes of action in the complaint were well pleaded, the demurrer should have been overruled, and, as a majority of said claims were well pleaded, the judgment is reversed, and the cause remanded for further proceedings.

ANDERS, C. J., and DUNBAR and STILES, JJ., concur.

HOYT, J., dissents.