[No. 1444.   Decided November 24, 1894.]

# R. G. PAIN ET AL., *Respondents, v.* H. P. ISAACS ET AL., *Appellants.*

LIENS ON FARM PRODUCTS—CLAIM—JOINDER OF PARTIES—ACTION
    TO ENFORCE—ATTORNEY FEES—JUDGMENT—EVIDENCE.

Farm laborers entitled to liens for harvesting and threshing wheat may, under Code 1881, § 1978, join in the filing of one lien claim, which, under § 1696, Gen. Stat. may be signed and verified by one of their number.   (HOYT, J., dissents.)

Farm laborers are also, under the Code 1881, § 1978, entitled to attorney fees in proceedings to enforce their liens.

Where a claim of lien for services in harvesting and threshing wheat is set out in the complaint for foreclosure, and no objection is made by way of demurrer to the sufficiency of the description in the lien notice, the defect is cured by the judgment of foreclosure.

In an action to foreclose farm laborers' liens upon a quantity of wheat, judgment declaring a lien upon the wheat described in the complaint is warranted, when the evidence on the part of plaintiffs showed that they had harvested and threshed wheat upon the farm lands of the principal defendant, and the place where the work had been done, and an answer in the action, filed by attaching creditors of the farmer, who had been made parties defendant with him, sets up that they had levied attachments upon the same wheat upon which plaintiffs claimed a lien.

In an action against a tenant farming land upon shares to enforce a farm laborers' lien, the landlord is neither a proper nor a necessary party.

When a farm laborer, in an action to enforce a lien, testifies that he began work on a certain date, and that he worked a given number of days, the presumption must be that his labor was continuous, exclusive of Sundays, and where it appears that his labor was concluded more than forty days prior to the filing of his lien notice, his lien is defeated, although the notice may on its face establish his right to a lien.

*Appeal from Superior Court, Walla Walla County.*

Action by six farm laborers to foreclose liens upon certain wheat which had been harvested and threshed by them. The appellants, having levied attachments upon the same

wheat, were made party defendants with the person who had
employed plaintiffs. The description of the property in the
lien notice was as follows : " A certain lot of wheat, being
about 1,200 sacks, and about 13 sacks not threshed, which
was headed and stacked and part of it threshed and is now
about 500 sacks at the North Pacific Milling Co. (marked
No. 11) and about 700 sacks is now lying upon the south-
west quarter (¼) of section fifteen (15) township ten (10)
range thirty-five (35) east, and south half (½) of section
sixteen (16) township ten (10) range thirty-five (35) east,
and the southeast quarter (¼) of section thirty (30) town-
ship ten (10) range thirty-five (35) east, in the county
of Walla Walla, Washington."

*Thomas & Dovell* and *B. L. & J. L. Sharpstein* for
appellants.

*William C. Durham* and *John W. Brooks*, for respondents.

The opinion of the court was delivered by

STILES, J.—Six persons, who claimed liens upon certain
wheat for their labor in harvesting and threshing the same,
joined in one lien claim, or notice, which was signed and
verified by one of their number.

The first point made by appellants is that several lienors
of this class cannot join in the filing of one claim, as it was
held loggers could do in *Chevret v. Mechanics' Mill, etc., Co.,*
4 Wash. 721 (31 Pac. 24), the reason being that Gen. Stat.
§ 1691 is not applicable because not made so in terms by the
law authorizing farm laborers to assert liens. Gen. Stat. §§
1695, 1696. For some reason the compiler of the statutes
seems to have omitted § 1978 of the Code of 1881 therefrom.
A reference to the omitted section, which has not ceased to
be the law of the state, shows farm laborers to have all the
rights secured to loggers in the matter of the joinder of par-
ties : therefore the objection cannot prevail.

The objection to an allowance of an attorney's fee is met
by the same answer.

The further criticism that the notice is signed and verified

by only one of the claimants is equally untenable. The statute does not require the claim to be signed at all, and there is no particular reason why it should be, if, as in this case, the body of the paper clearly shows who the several claimants are, and the respective particulars of their demands. *Ainslie v. Kohn*, 16 Or. 363 (19 Pac. 97); *Hicks v. Murray*, 43 Cal. 515.

The description of the wheat is alleged to be insufficient. But, although a copy of the notice was set out in the complaint, no objection by way of demurrer was made to it; and the appellants found no difficulty in answering that they claimed liens upon the same wheat by virtue of attachments which they had levied upon it. We think the objection was over-technical and ought not to avail anything against the judgment.

It appeared from testimony that the principal defendant was a farmer upon shares of the land of one Woodworth, who was not made a party. It would seem that by an amendment to § 1976, passed in 1883 (Laws, p. 45), a landlord's interest in wheat grown upon his premises cannot be affected by a laborer's lien. But if such be the case it does not follow that this proceeding will in any wise prejudice Woodworth, and he was not, therefore, either a proper or a necessary party.

What is said above as to the description applies equally to the complaint that the court rendered judgment upon wheat as it was described in the complaint without sufficient evidence that the wheat described was that upon which the respondents had labored on lands farmed by Williams. The answers were practical concessions that if respondents labored at all upon the wheat of Williams, the wheat seized under the attachments was the same wheat. The working having been proved, and the place where it was done, there could be no doubt under the pleadings of the identity of the wheat. Williams wholly made default.

The notice filed October 14, 1893, alleged that the claimants commenced work August 10th and finished September 16th, but none of the claimants in their testimony went

further than to state when they commenced and how many days they worked. This omission must defeat the claim of Peter Haia for fifteen and one-half days. Whatever presumption pertains to his testimony must be to the effect that he worked continuously, exclusive of Sundays, which would make his last day August 28th, forty-seven days before the notice was filed. His lien for $23.25 is therefore not sustained, and as the court seems to have allowed $25 as an attorney's fee, for each successful lienor that much will be deducted from the total fee of $100 allowed.

Under the same presumption as to continuous labor the other claims were filed in time.

Cause remanded for a new judgment in accordance with this opinion. Costs for appellants against Haia; against them as to the other respondents.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

HOYT, J. (*dissenting*.)—I am unable to hold that a claim of lien is good unless signed by the claimant or some one in his behalf, and to that extent dissent from the foregoing.