[No. 2379. Decided February 5, 1897.]

MARY GLEASON *et al.*, *Respondents*, v. TACOMA HOTEL COMPANY *et al.*, *Defendants*, ROBERT WINGATE, *Receiver*, *Appellant*.

DUE PROCESS OF LAW—LABORERS' LIENS AGAINST EXECUTION DEBTOR—FILING OF CLAIMS — JOINDER.

The statute (Gen. Stat., § 3124), giving servants, clerks, laborers, etc., the right to claim from the proceeds of execution or attachment sale of the property of their employers any amount, not exceeding one hundred dollars, due them for services rendered within sixty days next preceding the levy of the writ, and providing for the litigation of such claims, if disputed, is not open to the objection that it deprives one of his property without due process of law.

Notice to a judgment debtor of claims of other parties to the proceeds arising from the execution sale on the judgment against him is unnecessary, as, jurisdiction having been once acquired over the judgment debtor in the original action, that action remains pending until the judgment is satisfied.

Parties having claims for services, which, under Gen. Stat., § 3124, they are authorized to maintain against a judgment creditor who has levied upon the property of their employer, may properly join in the same action to enforce their claims.

Where a party entitled to urge the objection of misjoinder of parties plaintiff waives the objection, it cannot be raised for him by another defendant.

Appeal from Superior Court, Pierce County.—Hon. JOHN C. STALLCUP, Judge. Affirmed.

*Murray & Christian*, for appellant.
*Thad Huston*, for respondents.

The opinion of the court was delivered by

GORDON, J.—In March, 1896, the sheriff of Pierce county — under and by virtue of an execution issued out of the superior court of said county upon a judgment rendered therein in favor of the appellant Wingate, as receiver of the Merchants' National Bank, against the Tacoma Hotel Company — levied upon certain personal property of said company, and advertised the same to be sold on the 27th of March, 1896. Prior to said sale, namely, on March 26, the respondents — being servants, clerks and laborers having claims against the judgment debtor for labor performed and services rendered — gave separate notices of their respective claims, duly verified, to the said sheriff and to the appellant, pursuant to the provisions of § 3124, vol. 1, Hill's Code (§ 1974, Code 1881), which section is as follows :

"In cases of executions, attachments, and writs of similar nature issued against any person, except for claims for labor done, any miners, mechanics, salesmen, servants, clerks, and laborers who have claims against the defendant for labor done, may give notice of their claims and the amount thereof, sworn to by the person making the claim to the creditor and the officer executing either of such writs at any time before the actual sale of property levied on, and unless such claim is disputed by the debtor or a creditor, such officer must pay to such person, out of the proceeds of the sale, the amount each is entitled to receive for services rendered within sixty days next preceding the levy of the writ, not exceeding one hundred dollars. If any or all the claims so presented and claiming preference under this title are disputed by either the debtor or a creditor, the person presenting the same

must commence an action within ten days from (for) the recovery thereof, and must prosecute his action with due diligence, or be forever barred from any claim of priority of payment thereof; and the officer shall retain possession of so much of the proceeds of the sale as may be necessary to satisfy such claim, until the determination of such action; and in case judgment be had for the claim or any part thereof, carrying costs, the costs taxable therein shall likewise be a preferred claim, with the same rank as the original claim."

Thereafter, the appellant having disputed all the claims so presented, respondents joined in an action brought for the purpose of enforcing the liens claimed by them upon the fund derived from a sale of the property so levied upon by the sheriff, said fund being then in the possession of the clerk of said court. The appellant was made a party defendant in the action and appeared and demurred to the amended complaint therein. Among other grounds of demurrer it was urged that there was a defect of parties plaintiff, that several causes of action had been improperly united, and that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled and exceptions duly taken, and, the appellant having elected to stand by his demurrer and refusing to plead, the cause proceeded to trial to the court without a jury upon respondents' complaint and the answer of the judgment debtor, the hotel company, and resulted in judgment and decree in favor of the respondents, establishing their claims, and directing the clerk of the court to pay them the amount of said funds received from the sheriff as proceeds of the sale. From this judgment and decree the execution creditor has appealed.

Appellant assigns as error the order of the court in overruling the demurrer to the complaint. He con-

tends that the provisions of § 3124 above set out are repugnant to the 5th amendment and § 1 of the 14th amendment of the constitution of the United States, and also to § 3 of art. 1 of the constitution of the State of Washington, providing that:

"No person shall be deprived of life, liberty or property without due process of law."

The ground upon which this contention proceeds is that the section in question permits the taking of the debtor's property without notice or process directed to him.   The purpose of the statute was to give the persons therein mentioned, who by their labor had contributed to the property of the debtor, a preference over general creditors, and to afford a speedy and inexpensive method by which their claims for such labor might be enforced.   The section is identical with § 1206 of the Code of Procedure of California (vol. 3, Deering's Code), and was upheld in *Mohle v. Tschirch*, 63 Cal. 381, the only case directly in point to which we have been cited.   By requiring the claimant to establish his claim in court at the instance of either the debtor or creditor, and affording all parties an opportunity to be heard, the constitutional rights of the parties are preserved and the act is not open to the objection that it deprives one of his property without due process of law.

We also think the objection of want of notice to the debtor is fully answered by the application of another well-recognized principle, namely:

"Jurisdiction having been once acquired over the judgment debtor in the original action, that action is still pending until the judgment is satisfied.   Proceedings to compel the application of money or property in the hands of other parties to the satisfaction of the judgment are proceedings in that action." *High v.*

*Bank of Commerce,* 95 Cal. 386 (30 Pac. 556, 29 Am. St. Rep. 121), and authorities there cited.

Another objection which is urged to this act is that it gives to persons of a particular class a lien upon property which they have not helped to construct, and in this respect is a denial of the equal protection of the laws and amounts to a deprivation of property without due process of law. No authority has been cited in support of this position. Questions of mere legislative policy do not concern the courts, and we are not satisfied that the act contravenes any constitutional right.

It is further urged that the demurrer should have been sustained upon the ground of misjoinder. We think that the statute itself furnishes a sufficient answer to this objection. Section 1953 of the Code of 1881 provides that:

"Any number of persons claiming liens under this chapter (137) may join in the same action, . . ."

Section 1978 provides that:

"All rights secured to the holders of liens upon logs, under the provisions of chapter 137, shall inure to the benefit of those holding liens under the provisions of this chapter (139),"

and further provides that such persons shall have the same right, among others, "of joinder of parties," as are afforded to the holders of liens under said chapter 137. Of this section, 1978, this court in *Pain v. Isaacs,* 10 Wash. 173 (38 Pac. 1038), said:

"For some reason the compiler of the statutes [Hill's Code] seems to have omitted § 1978 of the code of 1881 therefrom. A reference to the omitted section, *which has not ceased to be the law of the state,* shows farm laborers to have all the rights secured to loggers

in the matter of the joinder of parties; therefore the objection cannot prevail."

Section 3124 of vol. 1, Hill's Code, which is assailed as unconstitutional in this proceeding, was section 1974 of the code of 1881, and belonged to the chapter of which § 1978, *supra*, was a part, and it follows that § 1978 is as applicable to actions commenced under § 1974 (3124, Hill), as to any of the actions provided for under chapters 137 or 139 of the code of 1881.

But the demurrer on the ground of misjoinder was properly overruled for another reason, viz.: appellant cannot be heard to urge the objection of misjoinder. That objection belonged to the debtor alone, and to have been available it should have been timely raised, otherwise it is deemed to have been waived. In this case, the only party who was entitled to take advantage of the objection waived the right to do so by failing to take it either by demurrer or answer.

Perceiving no error in the record, the judgment and decree will be affirmed.

DUNBAR, ANDERS and REAVIS, JJ., concur.