[No. 3737.]
BLACK v. SMITH.

The judgment of the court of appeals affirmed, and the opinion of that court (*Smith v. Black,* 9 Colo. App. 64) is adopted as the opinion of this court.

*Appeal from the Court of Appeals.*

Mr. W. S. DECKER, for appellant.

Messrs. BARTELS & BLOOD and Mr. HUGH BUTLER, for appellee.

PER CURIAM. One, if not the chief, object of this action brought by the appellant here, who was appellee in the court

of appeals and plaintiff below, was to obtain a decree requir-
ing the defendant to execute release deeds of certain lots,
the legal title of which was in the plaintiff, subject to an
incumbrance of a trust deed, which, *inter alia*, provided that
on the payment of certain sums of money by the legal owner
he was entitled to have his lots released from the incum-
brance. The complaint alleged a compliance upon the part
of the plaintiff with his obligation, and a refusal of the de-
fendant to perform.

The trial court found for the plaintiff, and ordered the
defendant to execute the releases; but upon a review in the
court of appeals, the decree was reversed. To set aside this
judgment of reversal the plaintiff brings the case here on
appeal. The opinion of the court of appeals is reported in
9 Colo. App. 64, (47 Pac. Rep. 394).

After an attentive examination of the voluminous record,
of the original briefs of counsel, and the additional ones filed
in this court, we are satisfied that the conclusion reached by
the court of appeals is right. In the opinion referred to is
a full and clear statement of the complicated facts, and a
lucid exposition of the legal principles involved. The state-
ment of the court therein found, and its reasoning, are so
satisfactory and conclusive that we shall not attempt to add
thereto, and if we did, it would be largely repetition.

Under the pleadings the essential thing which the plain-
tiff must prove in order to obtain any relief was that he
deposited in bank to the order or credit of defendant Smith
the sum of money admitted to be due. The trial court, as
shown from its written opinion brought up in the record,
did not so find, but "supposed" that such was the nature of
the deposit. But, as said by the learned writer of the opin-
ion of the court of appeals in the following extract, which
tersely presents the vital issue:

"Nothing further is contained in the opinion, either by
way of findings or otherwise, respecting the deposit. We
are therefore unhampered by the rule that the findings of
the court on questions of fact are conclusive. The court

did not find directly that Black's money was deposited in
the bank to the credit of Smith, or to the credit of the holder
of the note.   He assumes it; but there cannot be found be-
tween the four corners of the record any evidence which
would justify a finding that the money was thus deposited."

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"A deposit in the bank which could, under the condi-
tions on which it was put in, to be drawn out, and was
drawn out, by the depositor, Leet, is in no legal sense a
compliance with the terms of the contract.   The deposit
must have been irrevocable, or, if not irrevocable, must
have been so made as to discharge both Black and Leet
from any further responsibility, which must have been
shifted by the transaction to the bank itself, or else it
was of no value for any purpose.   Smith has a right to
insist on either the land or his money.   His title can
only be divested by an exact observance of the contract
by which he agreed to surrender his interest in the land.
We are unable to  discover any such compliance in this
record."

It follows that the judgment of the court of appeals should
be affirmed, and it is so ordered.

*Affirmed.*