[No. 4871. Decided March 15, 1904.]

# N. W. HINDLE, *Respondent,* v. AUGUSTUS H. HOLCOMB, *Appellant.*[1]

PLEADINGS—DEMURRER—SEVERAL CAUSES OF ACTION. A complaint which separately states two causes of action is good as against a general demurrer if either cause contains facts sufficient to constitute a cause of action.

PRINCIPAL AND AGENT—FRAUD—PLEADINGS—COMPLAINT—SUFFICIENCY—MISREPRESENTATION OF AGENT AS TO PRICE PAID. A complaint by a principal against his agent states a cause of action where it appears that the agent was employed to purchase a certain piece of property at the lowest price obtainable, but misrepresented the price and retained the difference and converted the same to his own use.

SAME—SETTLEMENT BEFORE DISCOVERY OF FRAUD—RECOVERY OF MONEY PAID WITHOUT OBTAINING RESCISSION. Where an agent induced his principal to purchase property by fraudulent representations, and a settlement is made before the discovery of the fraud, whereby the agent was paid a certain sum and was employed to perform further services, the settlement is void in so far as the fraud in the first transaction enters into the same, and the principal may recover the money paid without obtaining a rescission of the settlement.

SAME—FRAUD AFFECTING SUBSEQUENT CONTRACT. A contract to employ an agent to look after property is void where it was entered into as part payment for previous services in purchasing the property and the agent perpetrated a fraud upon the principal in making such purchase.

TRIAL—PLEADINGS—OBJECTION TO EVIDENCE. An objection to any evidence is not the way to reach a defect in a complaint in that it seeks to recover more than the plaintiff is entitled to.

EVIDENCE—ORAL STATEMENTS RESPECTING WRITTEN CONTRACT. It is not error to permit plaintiff to testify that a written contract was orally agreed to ten days before its execution when it tended to explain an apparent discrepancy in his testimony.

SAME. Where a written contract is not in dispute, conversations leading up to it are inadmissible.

[1]Reported in 75 Pac. 873.

PRINCIPAL AND AGENT—FRAUD OF AGENT IN INDUCING PURCHASE
—INSTRUCTIONS.  In an action by a principal for the fraud of an
agent employed to purchase land at the lowest price obtainable,
where the court instructs that the plaintiff can not recover in this
form of action, in case the agent was the owner of the land at the
time of the employment, another instruction is not erroneous as
contradictory where the court simply distinguishes between actual
and feigned ownership, and tells the jury that it is immaterial
whether the agent had contracted for the land previous to his
employment, if he contracted for the sole purpose of selling it to
the plaintiff, and had no intention of buying it if he did not sell to
the plaintiff.

FRAUD OF AGENT IN MISREPRESENTING PRICE—VALUE OF LAND
IMMATERIAL.    In an action by a principal for the fraud of his
agent in misrepresenting the price paid for land purchased, evi-
dence of the value of the land is immaterial.

TRIAL—CONDUCT OF COUNSEL.    It is not reversible error for
counsel to ask insinuating questions, when the court rebuked coun-
sel as soon as objection was made and the offense was not re-
peated.

TRIAL—VERDICT—SUFFICIENCY OF EVIDENCE.    The verdict of a
jury will not be disturbed where the preponderance of the evi-
dence depends upon the credibility of the witnesses.

TRIAL—INSTRUCTIONS.    It is not error to refuse to give instruc-
tions in the language requested, when they are given in substance
in the general charge.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered May 26, 1903, upon the
verdict of a jury in favor of the plaintiff for $900.  Af-
firmed.

*Sweeney, French & Steiner,* for appellant.

*Wright & Kelleher,* for respondent.

FULLERTON, C. J.—The respondent, plaintiff below,
brought this action to recover of the appellant sums aggre-
gating $1,290 alleged to have been obtained from him by
the appellant by means of false and fraudulent representa-
tions.  The complaint contained two causes of action.  In
the first it was alleged, that the respondent employed the
appellant as his agent to purchase for him certain real

property, situate in the city of Seattle, at the lowest price for which it could be obtained; that the appellant, while acting as such agent, falsely and fraudulently represented and stated that the lowest price for which the real property could be obtained was the sum of $4,500; and that the respondent, relying on such statement and believing the same to be true, placed in the hands of the appellant the sum of $4,500 with which to purchase the property; that the appellant thereafter did purchase the same for and on behalf of the respondent, but paid therefor only the sum of $3,750, converting to his own use $750, the difference between the price actually paid for the property and the sum he represented to the respondent that the same would cost, concealing that fact from respondent.

For a second cause of action the respondent repeated the allegations of his first cause of action, and then alleged that, while in ignorance of the deceit practiced upon him, he entered into a written contract with the appellant, by the terms of which the appellant agreed to take charge of the property, supervise the work of having the same cleared and made ready for cultivation, and perform certain other services connected therewith; and that, in "consideration of the services heretofore rendered and hereafter to be rendered," the respondent agreed to turn over to the appellant one-half the profits he should make out of the venture. It is then alleged that, prior to the discovery by the respondent of the fraud originally practiced upon him, the parties settled their rights growing out of the contract, by the terms of which settlement the respondent agreed to pay, and did pay, the appellant the sum of $540 in full of his supposed rights under the contract mentioned.

The prayer of the complaint is that the respondent have judgment for the sum of $750 on the first cause of action, and $540 on the second cause. A general demurrer was

interposed to the complaint, which being overruled, an answer was filed, admitting the making of the contract set out in the second cause of action and the subsequent mutual settlement between the parties of their rights thereunder, and denying generally all the other allegations of the complaint. A trial was subsequently had before the court and a jury, resulting in a verdict and judgment for the respondent in the sum of $900. This appeal is from that judgment.

It is first contended that the court erred in overruling the demurrer to the complaint. This demurrer, it will be noticed, was directed to the complaint as a whole, while the complaint was made up of two causes of action, separately stated. The rule in such cases is that, if either of these statements contain facts sufficient to constitute a cause of action, the complaint is good, as against a general demurrer directed to it as a whole. *Chevret v. Mechanics' Mill & Lumber Co.*, 4 Wash. 721, 31 Pac. 24. The facts set forth in the first cause of action are abundantly sufficient to sustain a recovery had thereon. Under all authority, a principal may recover from his agent moneys obtained from him by the agent through false and fraudulent representations, by which the principal is deceived. This cause of action states a transaction of that kind, and being in itself sufficient, it is sufficient to sustain the complaint against the general demurrer, even though the second cause of action might have been susceptible thereto.

On the trial, however, the appellant objected to the introduction of evidence in support of the second cause of action, and assigns as error the overruling of that objection. In support of this it is first said that the complaint itself shows a settlement of all the transactions between the parties, and that the respondent cannot recover moneys paid pursuant to that settlement without suing and obtain-

ing a rescission thereof; and, second, that if it be conceded that there was fraud in the purchase of the property, such fraud would not deprive the appellant of his right to compensation for services rendered in another and separate transaction.

With reference to the first contention, it is sufficient to say that the allegation is that the subsequent contract was entered into, in part, as a settlement of supposed rights growing out of the first, and that the settlement thereunder was made by the respondent while in ignorance of the fraud and deceit that had been practiced upon him in the first transaction. In so far as the fraud practiced in the first transaction entered into the second, the latter was void as to the respondent, and he was at liberty to ignore it, and bring an action to recover any money he had paid in settlement of supposed rights growing out of the first transaction, the same as if it had never been entered into. Contracts entered into through, or induced by, fraud are nullities, in so far as the party affected by the fraud is concerned, and may be treated by him as such.

As to the second objection, it will be remembered that the second contract was made in consideration of services rendered prior to the execution of the contract as well as services thereafter to be rendered. It was intended in part as a payment for the appellant's services in purchasing the land. If it were a fact that the appellant perpetrated a fraud upon the respondent in making that purchase, he was entitled to no compensation for his services in that behalf; and, if the appellant paid him for the same in ignorance of the fraud, he could recover the amount paid in this form of action. But because he claimed more in his complaint than he was perhaps justly entitled to, did not require the court to exclude evidence offered to prove the unobjectionable part. To object on the trial to the intro-

duction of any evidence is not the way to reach defects in pleadings of this character, and the trial judge did not err in so ruling.

The appellant next complains that the court erred in refusing to strike out the testimony of the appellant to the effect that the contract set out in the second cause of action was agreed to some ten days prior to the time it was reduced to writing and bore date. But there was nothing objectionable in this. The fact was material only in so far as it tended to explain an apparent discrepancy in the testimony of the witness concerning certain dates testified to by him, and for that purpose it was clearly admissible.

Nor did the court err in refusing to permit the appellant to testify to conversations had with respondent, which culminated in the written agreement. The writing contained in the agreement was not in dispute, and could not be disputed, under the issues as made by the pleadings; hence what was said by the parties in making the agreement was not material. Neither were such conversations admissible as tending to contradict the respondent's statements that the written contract was agreed to verbally some ten days prior to the time it was reduced to writing. The witness was permitted to testify when the negotiations leading up to the agreement were commenced and concluded, and his statements in that regard could not have been strengthened by reciting the conversations.

Neither was it error to refuse to permit the appellant to testify to the value of the land purchased. If it be conceded that the respondent did make a good bargain, that fact would be no justification of the appellant's conduct, if it be true that he committed the acts charged against him by the complaint.

The next objection in regard to the conduct of the trial seems not to be supported by the record. It is complained

that the court permitted counsel for the respondent, in his cross-examination of appellant, to ask him insinuating questions, but the record shows that the court rebuked counsel for so doing as soon as objection was made thereto, and that the offense was not repeated. The trial judge might properly have raised the objection himself, when the objectionable question was first propounded, but it was not error for him to omit to do so.

It is next said that the respondent failed to sustain the allegations of his complaint by a preponderance of the evidence, and that the trial court erred in refusing to grant the appellant's motion for a new trial based on that ground. While the respondent's evidence, on many of the material points necessary to be established in order to warrant a recovery, was flatly contradicted by the appellant, and on some of them there was not much, if any, corroborating evidence, still this fact did not require the trial court, nor does it require this court, to decide, as a matter of law, that the evidence did not preponderate in favor of the respondent. Which way the evidence preponderated depended on the credibility of the witnesses, and was a question for the jury and the trial court; and, as the jury and trial court determined it in favor of the respondent, we cannot, in the exercise of our lawful powers, disturb their conclusions.

Lastly, the appellant contends that the court erred in refusing to give certain instructions requested by him, and in giving a certain other, on its own motion. As to the requested instructions, all that was pertinent in them was given in the general charge of the court—not in the language of the request, but in substance, and this, we have repeatedly held, is a sufficient compliance with a request to instruct. The instruction given of which complaint is made was as follows:

"You are instructed in this action that, if you find from the evidence that the defendant Holcomb took a contract on the land in question for the sole purpose of selling the same to Hindle, and had no intention of buying the land unless he could sell it to Hindle, and that thereafter, in furtherance of such purpose, the defendant falsely represented to plaintiff that Mrs. Webster, or some person other than himself, owned the land, and thereby procured the plaintiff to employ him as agent for the purchase of the land, and that the plaintiff, acting in ignorance of any contract or adverse claim on the part of defendant, employed defendant as his agent to purchase the land, and defendant falsely held himself out to the plaintiff as acting in the interest of the plaintiff and of purchasing the land in the plaintiff's behalf for the lowest price for which it could be obtained from Mrs. Webster, or some other person, and that plaintiff thereby was thrown off his guard, and caused to rely upon the defendant to protect him, then, it is immaterial whether or not the defendant Holcomb contracted for it before or after Hindle came to him and agreed to purchase it."

It is argued that this instruction is contradictory of what had been previously given the jury, and is directly the reverse of the law on the question therein stated. In our opinion, however, it is not subject to either contention. The court did instruct the jury that, if the appellant was the owner of the property, either in fee or by a legal contract of purchase, at the time the respondent employed him to purchase it, the respondent could not recover in this form of action, no matter what representations were made by the appellant. But this is not contradictory of the instruction complained of. The court there was distinguishing between actual and feigned ownership.

On the whole we think there was no substantial error in the record, and the judgment will stand affirmed.

HADLEY, ANDERS, MOUNT, and DUNBAR, JJ., concur.