[No. 6625.   Decided March 12, 1907.]

OLAF LEE *et al.*, *Respondents*, v. GENEVIEVE HYDE KIMBALL, *Appellant*.[1]

MECHANICS' LIENS—FORECLOSURE—PLEADING—COMPLAINT. A general demurrer to a complaint for the foreclosure of a mechanics' lien should be overruled where the complaint states a cause of action for a general recovery.

SAME—SUFFICIENCY OF COMPLAINT. A complaint for the foreclosure of a mechanics' lien for the construction of a well states a cause of action where it shows that work ceased January 30, that the lien notice was filed February 10, and, aided by the lien notice attached, that the notice was filed within ninety days from the time the work ceased.

SAME—APPEAL—RECORD. In the absence of the evidence on appeal, an allowance of $50 for attorney's fees in the foreclosure of a mechanics' lien will not be held to be an improper amount.

SAME—JUDGMENT—LAND NECESSARY—APPEAL—WAIVER OF OBJECTIONS. Objections to a decree foreclosing a mechanics' lien for boring a well, entered against the whole of the premises without determining how much thereof was necessary to satisfy the lien, as required by Laws 1905, p. 230, § 2, cannot be urged by a defendant who stood upon a general demurrer to the complaint and joined no issue and offered no evidence on the subject.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered July 11, 1906, upon overruling a demurrer to the complaint, in an action to foreclose a mechanics' lien. Affirmed.

*John G. Barnes*, for appellant.
*J. W. Bryan*, for respondents.

HADLEY, C. J.—This action was brought to foreclose a lien against the premises of the defendant, for an unpaid amount of the contract price for drilling a well upon the

[1]Reported in 88 Pac. 1121.

premises.    The original contract was in writing and contained the following:

"The party of the first part agrees to drive a four-inch artesian well for party of second part a distance of 200 feet at a rate of $1.00 per foot for the first 100 feet, and $1.50 per foot for the second 100 feet and in the event of the party of the first part striking rock which will and does prevent their driving further, the party of the second part agrees to pay the party of the first part on the basis of 50 cts. per foot for the first 100 feet and 75 cts. per foot for the second 100 feet for the distance driven.    In the event of sufficient flow of water being struck at less than 200 feet the party of the second part is to pay at the foregoing rate only for distance driven."

The plaintiffs allege that they began to drive the well upon the premises at the place directed by the defendant, and that they proceeded to a depth of forty-eight feet and eight inches, when they encountered rock of such a nature as to prevent them from proceeding under the contract; that notwithstanding the necessary expense of preparation for drilling, they informed defendant that they would suffer the loss and would accept settlement at fifty cents per foot for the distance driven; that the defendant thereupon made overtures to plaintiffs and offered them special compensation as an inducement to incur additional expense to prepare for drilling through the rock, and obligated herself in writing to increase the rate provided in the contract to $2.50 per foot until a further depth of fifty-eight feet and eight inches should be reached; that is to say, that she agreed to pay $25 for ten feet additional drilling; that plaintiffs thereupon did drill to a depth of fifty-eight feet and eight inches and, finding that the drill still continued in such rock as prevented them from continuing under the original contract, plaintiffs again notified defendant.    Whereupon she agreed to pay $2 per foot for drilling to a depth of sixty-eight feet and eight inches, and subsequently, under the same conditions, the rock

continuing to interfere, she authorized plaintiffs to go to a depth of seventy-eight feet and eight inches at the rate of $2 per foot; that is to say, she agreed to pay $40 for drilling the last twenty feet; that plaintiffs thereupon did drill to a depth of seventy-eight feet and eight inches, but the drill was still in the rock and plaintiffs, believing that the rock was likely to continue indefinitely, notified defendant that they could not proceed under the original contract, and asked for payment of the amount due, which she refused to pay. It is alleged that but $13.75 has been paid, and allegations are also made concerning the filing of a lien notice. The defendant filed a general demurrer to the complaint, which was overruled. She refused to plead further, and elected to stand upon her demurrer. The court thereupon entered findings of fact, conclusions of law, and judgment in favor of plaintiffs for $75.58, and for $50 attorney's fees, and also a decree foreclosing the lien for the above amounts. The defendant has appealed.

If the complaint states any cause of action it is good as against general demurrer. *Hindle v. Holcomb*, 34 Wash. 336, 75 Pac. 873. That a cause of action for general recovery is stated in the complaint we think there can be no doubt. But appellant argues that, even if that be true, there is no cause stated for the foreclosure of a lien, and it is urged that, in any event, the decree should be modified by eliminating the recovery for attorney's fees and the foreclosure of the lien. We think a cause of action is stated for the foreclosure of the lien. It shows that the work ceased on January 30, 1906; that the lien notice was verified February 10, 1906, and that when the complaint was verified the lien notice had theretofore been filed. The complaint was verified April 12, 1906, and the complaint aided by the lien notice attached to it as an exhibit, shows that the notice was filed within ninety days from the time the work ceased. The return of service also shows that the suit itself was commenced within that time. The well was upon the premises against which

the enforcement of the lien is sought, and the statute, § 1, page 229, Laws of 1905, provides that one may have a lien for labor performed upon, or for material used in the construction of a well. It was therefore not error to overrule the demurrer, and the complaint stated a cause of action for the foreclosure of a lien as well as for general recovery.

Appellant objects to the amount of attorney's fees allowed. There being no evidence before us, we shall not say that $50 was an improper amount to allow as attorney's fees.

It is also urged that it was error to order the sale of the whole of the premises described in the lien notice and complaint. The statute says that the tract upon which the improvement is made shall be subject to the lien, "or so much thereof as may be necessary to satisfy the lien and the judgment thereon, to be determined by the court on rendering judgment in a foreclosure of the lien." Laws of 1905, page 230, § 2. It is true the complaint does not state in so many words that the whole of the tract is necessary, but it does show that respondents seek to enforce the lien against the whole of it, which is in effect saying that the whole is needed. Appellant having contented herself with a general demurrer, therefore, in effect, admitted that the whole tract was necessary, and since she made no issue and offered no evidence upon the subject, we shall not now disturb the court's finding that the whole of the property is necessary to satisfy the lien.

The judgment is affirmed.

RUDKIN, FULLERTON, CROW, ROOT, MOUNT, and DUNBAR, JJ., concur.