[No. 7735. Decided March 9, 1909.]

## IDA L. JAMESON, *Respondent*, v. LINCOLN H. KEMPTON, *Appellant*.[1]

FRAUD—OF AGENT TO PURCHASE LAND—PLEADING—COMPLAINT—SUFFICIENCY. In an action the gist of which was to recover for the deceit of an agent to purchase land for plaintiff in misrepresenting the price he paid for it, the complaint is good, as against a demurrer, without alleging specifically the fact of the agency, its character, terms, scope, etc., or the fact that the property was of less value than the fraudulently represented price, where it appears that the defendant voluntarily undertook to serve the plaintiff and fraudulently concealed and misrepresented the true price paid.

SAME—EVIDENCE—ADMISSIBILITY. In an action for the deceit of an agent to purchase land, in misrepresenting the price paid, the evidence of the value of the land to show that a good bargain was made is inadmissible in defense of the fraud.

SAME—RELIANCE ON REPRESENTATIONS—VENDOR AND PURCHASER. The purchaser of property, unacquainted with values in the locality, may, without making an investigation, rely on the statements of one who undertook to make the purchase for her, and misrepresented the purchase price paid.

SET-OFF AND COUNTERCLAIM—PLEADING. An instruction allowing an offset is properly refused when it was not pleaded.

[1]Reported in 100 Pac. 186.

FRAUD—OF AGENT TO PURCHASE LAND—DEFENSES—SET-OFF. In an action for deceit in misrepresenting the price of land purchased for the plaintiff, defendant cannot offset expenses incurred in making the purchase as agent for the plaintiff, especially where he took no chances and voluntarily paid out the expense to one associated in business with him.

Appeal from a judgment of the superior court for Clallam county, Still, J., entered July 10, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action for fraud. Affirmed.

*Geo. Venable Smith*, for appellant.
*William B. Ritchie*, for respondent.

CHADWICK, J.—Plaintiff brought this action to recover the sum of $650, alleged to be the difference between the actual purchase price of a certain piece of property in the city of Port Angeles and the amount paid by her to defendant who, as she alleges, had been authorized to purchase the property for her. The record shows that, after she had directed the purchase, defendant came to her and represented that the owner, being about to raise the price of the property, he had, in order to protect her interests, taken the precaution, without consulting plaintiff, to have a deed executed in his own name, and that the amount asked, and which he had agreed to pay for the property, was the full sum of $2,150; that upon the payment of that sum to him he would deed the property over to her. She thereupon paid to defendant the sum of $2,150, by check on the Canadian Bank of Commerce at Seattle. It also appears that plaintiff had been in the city of Port Angeles but a few days and was wholly unacquainted with the values of property therein. In truth, defendant paid the sum of $1,500 for the property, which sum was in fact paid out of the $2,150 furnished by plaintiff. Defendant had voluntarily assumed to act for plaintiff. They had been friends for some years and she relied implicitly on all of his statements, believing them to be true.

After interlocutory pleadings had been submitted and overruled, defendant interposed a general denial, and set up as a further affirmative defense that he had purchased the property described in the complaint for himself, and had sold it to plaintiff for the sum of $2,150, which sum she voluntarily paid, with full knowledge of his relation to the property, as well as of its character and value. He further alleges that plaintiff had lived upon the property for more than two months after the facts attending the transaction had been made known to her, and that she had expressly ratified the transaction and expressed her complete satisfaction with it. The case was tried before a jury, and from a verdict in favor of plaintiff for the full amount demanded, defendant has appealed.

The principal errors assigned are, that the complaint did not state facts sufficient to constitute a cause of action; that the court erred in allowing any evidence to be introduced upon the question of fraud and misrepresentation; that appellant should have been allowed in any event to offset the sum of $400 against respondent's recovery; and that the testimony is insufficient to support the verdict. We think the complaint was good as against the motion and demurrer. The demurrer is directed to the want of specific allegations in the complaint showing an agency. It is true that the fact of agency is not as well pleaded as it might have been, but agency is not the gist of this action. The fact that appellant was authorized to purchase the property, and voluntarily undertook to serve respondent in that behalf, and that he fraudulently concealed the true purchase price, and by his fraudulent representations induced her to pay him the sum of $650, is clearly set forth. It is the deceit of appellant that affords a basis of recovery. "The character, terms, scope, commencement, and termination of the agency," if any, thus became wholly immaterial. Nor do we think it was necessary for respondent to allege that the property was of less value than the sum of $2,150, or that respondent

had no knowledge or means of knowing its character and value. If appellant undertook to purchase the property for respondent, and actually collected from her the sum of $2,150, representing to her that he had paid that amount, the value of the property is immaterial. This question was before this court in the case of *Hindle v. Holcomb*, 34 Wash. 336, 75 Pac. 873, wherein the court said:

"Neither was it error to refuse to permit the appellant to testify to the value of the land purchased. If it be conceded that respondent did make a good bargain, that fact would be no justification of appellant's conduct, if it be true that he committed the acts charged against him by the complaint."

The second proposition urged in connection with this assignment finds answer in the case of *Tacoma v. Tacoma Light & Water Co.*, 17 Wash. 458, 50 Pac. 55:

"Where the purchaser may know the truth by looking, or where the truth is shown him, he is not misled, but where he relies upon the statements of the vendor, and has no knowledge that such statements are false, he can, when they are false, and he has been reasonably prudent, recover damages. If no knowledge of their falsity is presented to him, the purchaser may rely implicitly upon the statements of the vendor, if such statements are not so openly and palpably false that their untruth is apparent to an ordinarily prudent person."

Appellant cites a number of cases decided by this court. All of them depend on the principle that a party will be bound to observe, if the means of observation are at hand. But this case presents an entirely different feature. It is a question of fact; not of opinion. *Freeman v. Gloyd*, 43 Wash. 607, 86 Pac. 1051. Inquiry of appellant would have elicited no more than he had already disclosed. There was testimony to the effect that he asked respondent to say nothing to the vendor, who was to remain for a time in the house, about the price paid. Be that as it may, the deceit upon which this case must turn consists in misrepresenting the

purchase price. The value of the property was not, and cannot be, made an issue. It was appellant's duty to disclose the truth. The burden of inquiry was not on respondent, for she had a right to rely upon his statement, and if he misled or deceived her he must meet the consequences.

Error is also predicated on the refusal of the court to give the following instruction:

"I further instruct you that if you do find from the evidence that there was such agency herein as claimed by plaintiff or any agency you must allow defendant the amount of all outlays made by him in procuring said property and the conveyances of the same, such as attorneys fees, brokerage charges and the like and deducted from the amount claimed from defendant by plaintiff herein."

Appellant testified that he had paid to one G. F. Hulbert the sum of $400 as a brokerage fee, and now contends that in any event, that amount should be deducted from the amount of the recovery. We think the instruction was properly refused. The offset, if it be so taken, was not pleaded. Nor do we think it would have been a defense if it had been. One who undertakes to overreach another should not be allowed to offset his expenses against the actual damages sustained by his adversary. The testimony shows that the appellant actually purchased the property from the vendor for $1,500; that he had shown the property to respondent before he purchased it; that she relied entirely upon his opinion as to the value; that he knew that she would buy it. He took no chances. It further appears that Hulbert had no call or option that would prevent appellant from dealing directly with the owner. In fact, the vendor swears that she had never seen Hulbert. At the time, Hulbert and appellant were associated in business under a tentative partnership agreement. The payment of $400 was voluntarily paid, if indeed it was ever paid at all. With this view of the facts and the law, we hold that no prejudice resulted on

account of the refusal of the court to give the instruction requested.

We have carefully read the record and find no prejudicial error in the admission or rejection of testimony. The case was fairly tried and submitted to the jury, and the evidence is ample to justify the verdict. The judgment of the lower court is affirmed.

RUDKIN, C. J., GOSE, FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.