[No. 7965.    Department One.    July 12, 1909.]

THERESA BLEBOIS DE L'ARCHERIE, *Appellant*, v.
A. E. RUTHERFORD, *Respondent*.[1]

BROKERS—FRAUD OF AGENT—PURCHASE AND RESALE OF PROPERTY—
EVIDENCE—SUFFICIENCY.   The evidence sufficiently shows that a real
estate agent, taking property in his own name and deeding it to
the plaintiff, his client, at an advanced price, purchased the prop-
erty for the plaintiff in the first instance and was guilty of a fraud
in concealing the advance in price, and findings to the contrary are
erroneous, where it appears from the deposition of the vendor, a
disinterested witness, whose testimony was clear, full, and circum-
stantial, that the agent informed her that he was buying for a
French lady (the plaintiff) and not for himself, that such witness
was corroborated by the plaintiff, that the agent did not pretend
that he informed plaintiff he was selling her his own property, the
relationship of the parties having been that of principal and agent
for some time, the agent making various deals for the plaintiff and
carrying plaintiff's money in bank in his own name.

SAME.   It is a constructive fraud for a broker not to inform his
principal that he was the owner of the property sold.

Appeal from a judgment of the superior court for King
county, Morris, J., entered December 1, 1908, upon findings
in favor of the defendant, in an action for fraud, after a trial
before the court without a jury.   Reversed.

*Frank C. Park*, for appellant.

*William L. Waters*, for respondent.

RUDKIN, C. J.—The plaintiff in this action is a school
teacher and the defendant a dealer in real estate.   About the
month of July, 1906, the plaintiff arrived in the city of Se-
attle, bearing a letter of introduction to the defendant from
a mutual friend in Chicago.   Between July and November,
1906, the plaintiff purchased several pieces of property in
the city of Seattle from or through the defendant, one of
which at least was resold by the defendant on commission.
Considerable sums of money belonging to the plaintiff were
carried by the defendant in his private account, and he re-

[1]Reported in 102 Pac. 1033.

ceived and disbursed money for her from time to time without rendering any account or being called upon to account until early in January, 1907.

In the month of November, 1906, the plaintiff purchased from or through the defendant a tract of land on Capitol Hill in the city of Seattle for the consideration of $5,700, the purchase price of which was paid as follows: $2,500 by mortgage, $2,606.25 from money belonging to the plaintiff in the hands of the defendant, and the balance of $893.75 by a second mortgage on the property in favor of the defendant. The property in question was conveyed by Iola J. Herron and husband to the defendant under date of November 30, 1906, and by the defendant to the plaintiff under date of January 14, 1907, but it is conceded that the preliminary negotiations for the conveyance from the Herrons to the defendant, and from the defendant to the plaintiff, antedated their respective deeds by some considerable time. The consideration paid the Herrons by the defendant was $5,000, while the consideration paid the defendant by the plaintiff was $5,700. The plaintiff had no knowledge of and did not discover this difference in consideration until after the execution and delivery of her note and mortgage to the defendant, and the present action was thereupon instituted to cancel the note and mortgage on the ground of fraud. From a judgment in favor of the defendant, the present appeal is prosecuted.

It seems to be conceded that the relation of principal and agent subsisted between the respondent and the appellant at the time of the sales and conveyances in question. In any event, that relationship was clearly and unequivocally established by the testimony. The respondent purchased and sold property for the appellant, carried her money in bank in his own name, received and paid out money, signed contracts and receipts in her behalf, and represented her in various ways at various times.

The respondent contends that he purchased the property

from the Herrons on his own account, or on the account of
J. G. Leslie & Co., with whom he was associated in business,
and that the property was thereafter resold to the appellant.
The appellant, on the other hand, contends that the prop-
erty was purchased from the Herrons on her account,
through the respondent as her agent, and that the taking
of the title in the name of the respondent and the subsequent
conveyance to her for $700 in excess of the original contract
price paid the Herrons was a fraud upon her rights.  The
contention of the appellant must be sustained.  Mrs. Herron
from whom the property was originally purchased was the
only witness at the trial who was wholly disinterested in the
result.  She testified by deposition, and as to her at least
this court occupies as favorable a position to weigh her testi-
mony correctly as did the court below.  Her testimony was
clear, full and circumstantial.  She testified positively that
the respondent stated at their first interview that he was
purchasing the property for a French lady (referring to
the appellant), and that when the deed was afterward exe-
cuted, in answer to the inquiry "The deed is in your name
I see," the respondent replied, "Yes, I am having it made to
myself, but I am buying it for another party."  This witness
was fully corroborated by the appellant, and by other testi-
mony at the trial.  While the respondent denied that he pur-
chased the property for the appellant, he did not claim or
pretend that he informed her that he was selling her his own
property or property in which he had an interest.  This of
itself was a constructive fraud by reason of the relationship
existing between the parties, but such fraud would give rise
to a different form of action to be followed by a different
kind of relief.  The respondent did not deny except infer-
entially that he had told the appellant at the time she pur-
chased the property that she must act quickly or the old
lady who owned the property would back out; and upon the
entire record we are convinced that the contention of the
appellant is sustained by a clear preponderance of the testi-

mony. The rights, duties, and obligations growing out of the relationship of principal and agent have been so often considered by this court that it seems scarcely necessary to refer to our former decisions. *Hindle v. Holcomb*, 34 Wash. 336, 75 Pac. 873; *Cantwell v. Nunn*, 45 Wash. 536, 88 Pac. 1023; *Merriman v. Thompson*, 48 Wash. 500, 93 Pac. 1075; *Jameson v. Kempton*, 52 Wash. 106, 100 Pac. 186.

The judgment is reversed with directions to cancel the note and mortgage described in the complaint, upon the payment into court by the appellant of the sum of $193.75, with interest from date of the mortgage. If the mortgage cannot be surrendered or cancelled by reason of its negotiation to innocent parties, the court will give judgment against the respondent for the sum of $700, with interest from the date of the mortgage, and for costs of suit.

FULLERTON, CHADWICK, and GOSE, JJ., concur.

MORRIS, J., took no part.