[No. 8917.   Department Two.   January 4, 1911.]

### H. H. JONES, *Respondent*, v. W. H. KEHOE, *Appellant*.[1]

FRAUDS, STATUTE OF—BROKERS—COMMISSIONS—ORAL CONTRACT. Rem. & Bal. Code, § 5289, providing that an agreement employing an agent or broker to sell real estate for compensation or commissions shall be void unless in writing, applies only to contracts between the owner of the land and the agent to sell, and an oral contract between brokers to divide commissions is valid.

APPEAL—REVIEW—FINDINGS. Findings upon absolutely conflicting evidence where the trial judge saw the witnesses will not be disturbed on appeal.

BROKERS—CONTRACT FOR COMMISSIONS. A contract between brokers to divide commissions on a certain sale means net commissions, after deducting necessary expenses.

ESTOPPEL—ADMISSIONS. A broker having stated his expense in connection with a sale to be $200, cannot claim $300 therefor.

COST—ON APPEAL—MODIFICATION OF JUDGMENT. A reduction of $100 from a $400 judgment is such a substantial reduction as to carry costs on appeal.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered October 30, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. *Modified.*

[1]Reported in 112 Pac. 497.

*Carl W. Swanson*, for appellant.

*Attwood A. Kirby*, for respondent.

DUNBAR, J.—The complaint in this case alleged, in brief, that the plaintiff and defendant were each engaged in the real estate business in the city of Spokane; that they entered into a parol agreement wherein defendant agreed with the plaintiff that, if plaintiff would furnish him (the defendant) a purchaser for certain farm lands that defendant had listed or might list for sale, he (the defendant) would in consideration thereof, in event he succeeded in making a sale of said lands to such purchaser procured by plaintiff, pay to plaintiff one-half of the commission received by him for negotiating and closing the sale of said lands; that the purchaser was procured; that the sale was made by the defendant; that he received therefrom $900 as commission, and refused to pay over to the plaintiff any part of said commission except the amount of $50; and demanded $400, with interest at the legal rate from the time of the sale. The answer was a general denial. The case was tried by the court without a jury, and the court found, that the agreement set forth in the complaint was entered into between the plaintiff and defendant; that the plaintiff procured and furnished the defendant a purchaser; that the defendant sold said land to such purchaser and received as commission from said sale $900; that he neglected and refused to pay plaintiff one-half of the said commission, or any part thereof, except the sum of $50; concluded that the plaintiff was entitled to the sum of $400, and judgment was entered in accordance therewith. From this judgment, this appeal is taken.

At the commencement of the trial, the appellant objected to any testimony under the complaint, for the reason that the agreement was void under the provisions of the Laws of 1905, page 110 (Rem. & Bal. Code, § 5289), which provided that an agreement authorizing the employing of an agent or broker to sell or purchase real estate for compensation or

commission shall be void unless in writing. From an examination of this statute, we are of the opinion that the law applies only to contracts between the owner of the land and the agent who sells or agrees to sell the same, and that it does not apply between two brokers or real estate men.

The only other question presented involves the correctness of the findings of the court. The testimony was absolutely conflicting on all essential propositions. The testimony of both respondent and appellant was somewhat inconsistent in some particulars, and had such testimony stood alone it is doubtful if the respondent should have prevailed. But that of respondent was strengthened by a straightforward statement of one Brown, who substantiated in all particulars the testimony of the respondent. It is true that Brown was a party in interest, the respondent having agreed to divide his half of the commission with him if he would assist him in procuring a purchaser for the land. But, of course, the appellant was also a party in interest. The court saw the witnesses on the stand, heard them testify, and under the circumstances we do not feel justified in disturbing the findings made.

There is one feature of the case, however, upon which the court made no findings, and which seems to have been disregarded. Conceding the right of the respondent to recover half of the commission under the contract, the appellant gave testimony to the effect that he had spent $300 necessary expenses incurred in selling this land, and, of course, regarding the spirit of the contract, the respondent would be entitled to only half the net commission obtained. The appellant stoutly maintained that this $300 was a necessary expense, but it seems probable that a portion of this expense was incurred in the transaction of other business. In any event, the appellant confessed that he stated to the respondent's attorneys when they were discussing this matter, that his expense in relation to this particular piece of land had been $200, and we think that he must be bound by this statement. We see no reason, however, why he should not have credit for the $200,

and the $50 which he had paid to the respondent after the sale and for which he was given credit by the court. With this deduction, the net commission would be $700, of which amount the respondent would be entitled to $350, $50 of which he has received.

The judgment will, therefore, be modified to that extent, the respondent obtaining judgment for $300. This being a substantial reduction of the judgment, considering the amount involved, the appellant will recover the costs of this appeal.

RUDKIN, C. J., CROW, MORRIS, and CHADWICK, JJ., concur.