[No. 9638.  Department One.  January 26, 1912.]

WALTER E. LEIGH, *Respondent*, v. G. A. YANCEY *et al.*,
*Appellants.*[1]

FRAUDS, STATUTE OF—BROKERS—COMMISSIONS—ORAL CONTRACT.
Rem. & Bal. Code, § 5289, providing that an agreement employing an
agent or broker to sell real estate for compensation or commissions
shall be void unless in writing, applies only to contracts between the
owner of the land and the agent to sell, and an oral agreement be-
tween brokers whereby one was to pay the other a specified commis-
sion for assistance in finding purchasers is enforceable.

Appeal from a judgment of the superior court for Spo-
kane county Huneke, J., entered January 21, 1911, upon
findings in favor of the plaintiff, in an action on contract.
Affirmed.

*Happy, Winfree & Hindman*, for appellants.

*Graves, Kizer & Graves*, for respondent.

PER CURIAM.—The complaint alleges, and the findings
show, that the defendants, appellants here, were partners
engaged in the real estate business, in the city of Spokane,
and were also engaged in selling farm lands for the Canadian
Pacific railway, in the Province of Alberta, in the Dominion
of Canada; that, on or about the 1st day of April, they
agreed with the plaintiff, respondent here, that, if the plain-
tiff would send to, or introduce to defendants, persons who
were interested in Alberta farm lands, the defendants would
pay to the plaintiff fifty cents per acre on nonirrigated lands
for all acres thus sold to persons so sent; the plaintiff
having nothing to do with fixing the terms and conditions of
the sale, such terms and conditions to be such as defendants
chose to make, or had authority from the owners of the lands
to make.  Thereafter the plaintiff, under said contract, sent
certain persons to the defendants, and the defendants showed

[1]Reported in 120 Pac. 512.

the lands thereafter purchased to said persons, and conducted negotiations with them which resulted in the selling of lands to said persons; and that the fees or amount of services, as agreed upon per acre, above mentioned, under such sales, amounted to the sum of $560.  Judgment was asked for that amount.

A demurrer was interposed to the complaint, which was as follows:

"Defendants demur to the complaint of the plaintiff herein on the ground that the complaint does not state facts sufficient to constitute a cause of action, and that the purported agreement alleged in said complaint is oral, whereas it is prescribed by the laws of the state of Washington that the same should be in writing."

The demurrer was overruled, and an answer interposed, which set up the same defense as was interposed by the demurrer. Certain denials were made, but there is no error based on the findings of the court. Judgment was entered in favor of the plaintiff for the amount prayed for; and from such judgment this appeal is taken, and raises the one question, viz, Does the statute of frauds, which provides that an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission shall be void unless in writing, apply to an agreement between two real estate brokers whereby one promises to pay to the other a fixed compensation for the sale of land, where the promisor has not himself received any compensation, and has no binding contract whereby he can make the owner pay a commission or compensation?

It seems to us that this question has been put at rest in this jurisdiction by the decision in *Jones v. Kehoe,* 61 Wash. 422, 112 Pac. 497. It was said by the court, in its expressed opinion in that case:

"From an examination of this statute, we are of the opinion that the law applies only to contracts between the owner of the land and the agent who sells or agrees to sell the

same, and that it does not apply between two brokers or real estate men."

Notwithstanding the very able and earnest argument of learned counsel for appellants in this case, we think he has not successfully distinguished that case from the case at bar. It is true the circumstances of the case are somewhat different, but the principle decided was exactly the same, and the construction of the statute made in that case applies with equal force to the case at bar. The case of *Jones v. Kehoe, supra,* was approved by this court in *Orr v. Perky Investment Co.,* 65 Wash. 281, 118 Pac. 19; where, noticing the same contention that is made by the appellants in this case, viz., that the agreement for commission was void not being in writing, it was said:

"This was unnecessary. In *Jones v. Kehoe,* 61 Wash. 422, 112 Pac. 497, this court held that Rem. & Bal. Code, § 5289, which provides that an agreement employing an agent or broker to sell real estate for a commission shall be void unless in writing, applies only to contracts between the owner of the land to be sold and the agent he employs to make the sale, and that an oral contract between two brokers to divide the commission is valid."

Being satisfied with the rule announced in those cases, the judgment will be affirmed.