[No. 13334.    Department Two.    July 21, 1916.]

MRS. J. E. ARMSTRONG, *Respondent*, v. WEBBER &
COMPANY, *Appellant*.[1]

FRAUDS, STATUTE OF—BROKERS—COMMISSIONS — AGREEMENTS BE-
TWEEN BROKERS.   The statute requiring contracts employing a broker
for the sale of real estate upon commissions to be in writing, speci-
fying the compensation, etc., has no application to a contract of em-
ployment of one broker by another upon a basis of a division of the
commissions as compensation.

BROKERS—COMMISSIONS—CONTRACTS BETWEEN.   An agreement be-
tween brokers for the division of commissions is not affected by the
fact that the contract as concluded differed in terms from the one
originally talked over, where it was one continuous transaction.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered October 16, 1915, upon findings
in favor of the plaintiff, in an action on contract, tried to
the court.   Affirmed.

*Corwin S. Shank* and *H. C. Belt*, for appellant.

*Beechler & Batchelor* (*Arthur C. Bannon*, of counsel), for
respondent.

HOLCOMB, J.—The complaint in this case alleged in brief,
that respondent and the appellant corporation, which was
engaged in the real estate brokerage business, by its agent,
J. H. Webber, entered into a written contract by the terms of
which respondent was made the agent of the appellant for
the purpose of certain sales, to be known as the rooming house
and hotel department sales, and that respondent was to re-
ceive as compensation for her services fifty per cent of all
commissions made through her efforts; that, pursuant to the
terms of this contract, respondent negotiated between J. H.
Thomas and one Smart an exchange of the Dresden apart-
ment and rooming house for other property; that, at about
the time the deal was consummated, respondent was dis-

[1]Reported in 158 Pac. 957.

charged by appellant, by its president, J. H. Webber, and that she has never received any compensation out of the commissions for the exchange of this property. Appellant answered by certain admissions and denials. The case was tried by the court without a jury, and a judgment in favor of respondent for $250, being one-half of the commission to be paid by Thomas for the exchange, was entered. The court found, that the contract as alleged in the complaint was entered into by the parties to this action; that respondent, pursuant to the terms of the contract and at the request of J. H. Webber, used her efforts in negotiating the exchange of the Dresden Apartments for the farm of Smart; that respondent introduced Thomas to Webber who closed the deal himself; and that it was the custom of the office of appellant for the president Webber to close all deals.

The only question presented involves the correctness of the findings of the court, it being the contention of appellant that the findings are not supported by the evidence.

It is contended that the evidence by no means shows that respondent by her efforts was the efficient and procuring cause of, or even promoted, the sale or exchange of the properties, but to the contrary. As to this, the law applying to brokers' contracts between a seller and his broker, that the broker must show himself to be the efficient and procuring cause of the sale, does not strictly apply here. Such a case as this does not come within our statute of frauds as to sales of real estate by brokers. This case devolves upon a contract of employment of one broker by another upon a basis of a division of commission as compensation. This court has held that our statute of frauds applying to broker and principal governing the sale of real estate, requiring the terms of the agency to be in writing, specifying the compensation, etc., does not apply as between two brokers or a broker and his subagent. *Jones v. Kehoe*, 61 Wash. 422, 112 Pac. 497.

Nor is respondent to be deprived of her commission by the fact that the contract concluded differed in terms from

the one originally talked over, since it was one continuous transaction from its origination to its consummation. *McCleary v. Willis*, 35 Wash. 676, 77 Pac. 1073.

The court's findings were based upon the testimony of respondent, corroborated to some extent by a Mrs. Lester, the treasurer of appellant, and by Thomas. The evidence does not preponderate against the findings and judgment of the court, and we cannot overturn them. There was sufficient evidence to sustain the findings and judgment. Affirmed.

MORRIS, C. J., PARKER, and ELLIS, JJ., concur.