[No. 3449. Decided March 9, 1901.]

OLIVE J. STEARNS, *Respondent*, v. FERDINAND HOCH-
BRUNN, *Appellant*.

BROKERS — LIABILITY TO PRINCIPAL — ACTION FOR CONVERSION — SUF-
FICIENCY OF COMPLAINT.

In an action against a real estate broker to recover the differ-
ence between the price for which he sold his principal's property
and the price which he accounted for, the complaint states a
cause of action when it alleges that the plaintiff employed defend-
ant to procure a purchaser for her property at the highest price
obtainable; that defendant found a purchaser who was willing to
pay a certain sum; that he reported to plaintiff that the purchaser
would pay a smaller sum; that a conveyance was made to such
purchaser and defendant collected and converted to his own use
the difference between the price actually received and that
reported by him to plaintiff.

SAME — LIMITATION OF ACTIONS — FRAUD.

An action by a principal against an agent to recover a sum of
money, with interest, which the agent had obtained in violation of
his trust, had concealed the fact from his principal, refused to pay
the money over on demand after discovery, and fraudulently con-
verted it to his own use, is an action for relief on the ground of
fraud within the meaning of the statute of limitations, so that an
action would not be deemed as having accrued until the discovery
by the aggrieved party of the facts constituting the fraud.

SAME — DISCOVERY OF FRAUD — SUFFICIENCY OF ALLEGATIONS TO AVOID
STATUTE OF LIMITATIONS.

In an action for relief on the ground of fraud, it is not neces-
sary, in order to avoid the statute of limitations, to allege in the
complaint what acts of diligence plaintiff used to discover the

fraud, the circumstances of its discovery, and why it was not discovered sooner, but it is sufficient, under the code, to plead merely the time at which the fraud was discovered.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Affirmed.

*John E. Humphries, William E. Humphrey, Harrison Bostwick* and *Edward Von Tobel,* for appellant:

If the cause of action were one for relief on the ground of fraud, then the complaint is not sufficient for want of allegations to bring it within the statute of limitations. No facts are alleged showing that appellant in any way concealed the cause of action. The rule of law in such cases, without exception, is as follows: "If the plaintiff attempts to take the case out of the operation of this statute, he should set up facts which, if proven, would effectually accomplish that purpose; in other words, he should state in what the fraudulent concealment consisted." *Cottrell v. Tenney,* 48 Fed. 716; *Duxbury v. Boice,* 72 N. W. 838; *Wood v. Carpenter,* 101 U. S. 139 (25 L. ed. 807); *Parker v. Kuhn,* 21 Neb. 413; *Higgins v. Crouse,* 42 N. E. 6. "A general allegation of ignorance at one time and of knowledge at another are of no effect. If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner." *Wood v. Carpenter, supra;* Wood, Limitations, § 274; *Sankey v. McElevey,* 104 Pa. St. 265 (49 Am. Rep. 575); *Little v. Reynolds,* 28 S. E. 919; Buswell, Limitations, § 387, note; *Garrett v. Conklin,* 52 Mo. App. 654; *Miller v. Powers,* 21 N. E. 455 (4 L. R. A. 483); *Barton v. Dickens,* 48 Pa. St. 518; *Young v. Cook,* 30 Miss. 320; *Campbell v. Roe,* 49 N. W. 452; *Douglas v. Corry,* 21 N. E. 440 (15 Am. St. Rep. 604); *Erickson v. Quinn,* 3 Lans. 299; *Kellogg v. Smith,* 26 N. Y. 24;

*Lemster v. Warner,* 36 N. E. 900 ; *Swift v. Smith,* 79 Fed. 709 ; *Chamberlain v. Chicago, B. & Q. Ry. Co.,* 27 Fed. 181 ; *Schultz v. Board of Commissioners,* 95 Ind. 323 ; *Churchman v. Indianapolis,* 110 Ind. 259 ; *Seaman v. Whitney,* 24 Wend. 260 (35 Am. Dec. 618) ; *Peck v. Bank of America,* 7 L. R. A. 826.

*Preston, Carr & Gilman* and *E. S. Pillsbury,* for respondent :

The case of *Wood v. Carpenter,* 101 U. S. 139 (25 L. ed. 807), is today an authority only upon the proposition that, where no fiduciary relation exists and the fraud is effected or concealed by mere silence, as distinguished from active misrepresentation, it is necessary to allege due diligence and method of discovery. *Felix. v. Patrick,* 145 U. S. 317 (36 L. ed. 719) ; *Bailey v. Glover,* 21 Wall. 342 (22 L. ed. 636) ; *Rosenthal v. Walker,* 111 U. S. 185 (28 L. ed. 395) ; *Traer v. Clews,* 115 U. S. 528 (29 L. ed. 467) ; *Bates v. Preble,* 151 U. S. 149 (38 L. ed. 106).

The existence of a fiduciary relation excuses the averment or proof of the exercise of diligence to unearth the fraud. *Buckner v. Calcote,* 28 Miss. 432 ; *Vigus v. O'Bannon,* 8 N. E. 778 ; *Perry v. Smith,* 2 Pac. 784 ; *Perry v. Wade,* 2 Pac 787 ; *Voss v. Bachop,* 5 Kan. 60 ; *Kane v. Cook,* 8 Cal. 449 ; *Atlantic National Bank v. Harris,* 118 Mass. 147 ; *Harrisburg Bank v. Forster,* 8 Watts, 12 ; *Way v. Cutting,* 20 N. H. 187.

The opinion of the court was delivered by

FULLERTON, J.—The respondent, who was plaintiff below, brought this action against the appellant to recover the sum of nine thousand dollars, with interest, which she avers the defendant fraudulently converted to his own use. In her complaint the respondent alleges that during the year 1889 she was the owner of certain real property sit-

uate in the city of Seattle, and that she employed the appellant, who was a real estate broker doing business in that city, to procure a purchaser of the property for the highest price obtainable, agreeing to pay him a certain per centum of the selling price as a commission when he should find such a purchaser; that on or about the 20th day of October, 1889, the defendant procured a purchaser for the premises, who was ready and willing to purchase the same at the price of fifty-five thousand dollars in cash; that thereafter, and prior to the 2d day of November, 1889, the respondent reported to the appellant that he had procured a purchaser for the premises who was willing to pay therefor the sum of forty-six thousand dollars; that she accepted the purchaser at the price so reported to her, and on or about the 2d day of November, 1889, executed and delivered a deed to the premises to the purchaser, and that the purchaser forthwith paid to the respondent for the appellant therefor the sum of fifty-five thousand dollars; of which the defendant paid the respondent only the sum of forty-six thousand dollars; that she afterwards paid the appellant the commission agreed upon for his services as her broker. The 7th and 8th allegations of the complaint were as follows:

"That the defendant at all times fraudulently concealed from the plaintiff the fact that the said purchaser was willing to pay for said property the sum of fifty-five thousand dollars, and did in fact pay said sum; and the plaintiff was and has been since at all times ignorant of the fact of said concealment, and of the conversion by the defendant of the sum of nine thousand dollars hereinafter stated, until the 7th day of July, 1898, on which date the plaintiff first learned thereof."

"That the defendant has never paid to plaintiff the said sum of nine thousand dollars, or any part thereof, though demand has this day been made therefor by the plaintiff;

but the defendant has fraudulently, and in disregard of his duty in that behalf, converted the said sum of nine thousand dollars to his own use."

Then follows a demand for judgment against the appellant for the sum of nine thousand dollars, with interest thereon at the legal rate from the 2d day of November, 1889. The appellant demurred to the complaint on the grounds: (1) That the same did not state facts sufficient to constitute a cause of action; and (2) that said action was not commenced within the time limited by law. The demurrer was overruled, whereupon the defendant answered, denying the fraud alleged in the complaint, and setting out his version of the transaction. In substance, he alleged that he first sold the property to one Dahl for forty-six thousand dollars, and accepted two hundred dollars earnest money from him; that he then met Feurer, the person to whom the deed to the property was afterwards made, and learned that he could sell the property to him at an advance; that he then made an arrangement with Dahl to sell the property to Feurer at an advance of ten thousand dollars, provided he could get respondent to make a direct conveyance to Feurer; that he informed the appellant that the purchaser of said property was desirous of selling the same to Feurer, and procured her to make a deed of said property to him; that afterwards Feurer paid to the original purchaser the sum of fifty-six thousand dollars, and the original purchaser paid to the appellant the sum of forty-six thousand dollars, whereupon the deed was delivered to Feurer; that he received for his services only the commission paid him by the appellant, and a commission of two thousand dollars paid him by Dahl for reselling the property. For a second defense, he alleged that the cause of action set forth in the complaint did not accrue within three years prior to the bringing of the

same, and that the respondent was fully aware of the resale of the property at the time the deed was made, and of all the facts connected therewith, "so far as the same concerned her," and that the cause of action was barred by the statute of limitations. The plaintiff replied, denying the new matter alleged in the answers, and on the issues thus made a trial was had, resulting in a verdict and judgment for the respondent.

The first error assigned is, that the court erred in overruling the demurrer to the complaint. As against the first ground of demurrer, the complaint is clearly sufficient. Under our statute a demurrer on this ground does not raise the question of the bar of the statute of limitations, and the sufficiency of the complaint must be determined from the facts alleged, without regard to the time intervening between the transaction and the commencement of the action. A broker employed to procure a purchaser for the real property of another must, like all other agents, exercise good faith toward his principal. He is not permitted to speculate with the subject-matter of his agency for his own advantage. If he sells for one price and reports a less price, or if he is authorized to sell at a certain price and sells for a higher price than that authorized, he must account to his principal for the difference. Here it is alleged that the appellant was employed to procure a purchaser for the respondent's property at the highest price obtainable; that he found a purchaser who was willing to pay a certain sum; that he reported to his principal that the purchaser would pay only a much less sum; and collected and converted to his own use the difference. Clearly, he must account to his principal for it.

In support of the second ground of demurrer the appellant first contends that the action is not one which the Code denominates "An action for relief on the ground of

fraud." He argues that the complaint, if it states a cause
of action at all, states a cause of action for money had
and received; that the fraud charged is merely for the
purpose of excusing delay in the commencement of the ac-
tion, and is not the substantive ground upon which relief
is sought; and hence the action is not saved by that section
of the statute which provides that in an action for relief
on the ground of fraud the cause of action shall not be
deemed to have accrued until the discovery by the ag-
grieved party of the facts constituting the fraud. But we
think the appellant has misconceived the effect of the alle-
gations of the complaint. The nature of a cause of action
must be determined from a consideration of the facts al-
leged, and not from the name the pleader may have used
to characterize such facts. *Andrews v. King County,* 1
Wash. 47 (23 Pac. 409, 22 Am. St. Rep. 136). The
fraud of the appellant is the very gravamen of the charge
against him. In effect, the allegation is that the appellant,
in violation of his trust, obtained a large sum of money
which rightfully belonged to the respondent, concealed
the fact from her, refused to pay it over on demand after
discovery, and fraudulently converted it to his own use.
While the demand of the complaint is for a judgment in a
sum of money equal to the amount converted, with inter-
est, it is none the less an action for relief on the ground
of fraud, within the meaning of the statute. *Lataillade v.
Orena,* 91 Cal. 573 (27 Pac. 924, 25 Am. St. Rep. 219).

It is next urged that the complaint is fatally defective
in that it fails to allege what acts of diligence the respond-
ent used to discover the fraud, the circumstances of its
discovery, and why it was not discovered sooner. It must
be admitted that this contention finds support in the decis-
ions of courts of states having statutes similar to, if not in
the exact language of, our own. Without citing the cases,

or referring to them more specifically, the mistake made by these courts is, we think, in applying the rules of construction of pleadings pertaining to the old equity practice to pleadings under the Code. While it is true that the foundation principle of courts of equity in granting relief on the ground of fraud was that the party defrauded was not affected by the lapse of time so long as he remained in ignorance of the fraud that had been committed, yet equity aided the diligent and not the negligent, and the conduct of the party defrauded, in determining his right to relief, was as important as the conduct of the party perpetrating the fraud. The courts therefore held that the plaintiff, in order to put a defendant on his defense, must negative the presumption of negligence which arose from the mere lapse of time. In accordance with this principle, and the principle that means of discovery is actual discovery, the earliest English statute relating to relief on the ground of fraud applicable to suits in equity (that of 3 and 4, Wm. IV.) enacted that "The cause of action is deemed to have accrued at, and not before, the time at which such fraud shall, *or with reasonable diligence might, have been* first known or discovered." By our Code, all forms of pleading are abolished; the complaint is sufficient when it contains a plain and concise statement of the facts constituting the cause of action; and the rules by which the sufficiency of a pleading is to be determined are those prescribed therein. The statute, too, it will be noticed, omits the italicized portion of the English statute above quoted. It would seem from this that the statute intended that a complaint should be deemed sufficient when it contained a direct and positive statement of the time of the discovery of the fraud, without further negativing the idea that the fraud might have been discovered sooner; leaving it rather a rule of evidence than a rule of pleading, if it

still be the rule that means of discovery is equivalent to actual discovery.

That it is not necessary to plead more than the time at which the fraud was discovered to avoid the statute of limitations was ruled in *Zieverink v. Kemper,* 50 Ohio St. 208 (34 N. E. 250). There, as here, it was contended that the complaint was fatally defective because the circumstances under which the alleged fraud was discovered were not stated in the complaint. Passing on this objection, the court observed:

"Whatever may have been necessary when the chancellor refused to give relief against wrongs of long standing, unless the plaintiff disclosed in his bill, due diligence in not only ascertaining his rights, but also in discovering the fraud of his adversary, and when, therefore, the conduct of the plaintiff was as important as that of the defendant in determining plaintiff's right to relief, we think no such rule of pleading obtains under our Code of Civil Procedure. . . .

"We think the case of *Combs v. Watson,* 32 Ohio St. 228, states the true rule, and that all that is necessary, in such case, is to state that the fraud was not discovered until within four years before the action was brought; and that it is not necessary, as against a demurrer, to state the exact date at which the fraud was discovered, nor what acts of diligence plaintiff used to discover the fraud, nor what acts of concealment the defendant practiced to prevent a discovery of the fraud. The conclusion here arrived at is sustained by the decisions of other states having Codes similar to ours."

In *Kansas Pacific Ry. Co. v. McCormick,* 20 Kan. 107, in an opinion by Mr. Justice BREWER, the rule is stated as follows:

"It is insisted by counsel that under the old equity practice the circumstances under which the fraud was discovered, had to be stated, and that the same rule obtains to-day. (See as to the equity practice, *Carr v. Hilton,* 1 Cur-

tis Ct. Ct. 390; *Moore v. Greene,* 2 Curtis Ct. Ct. 205).. Whatever may have been necessary when the chancellor refused to give relief against wrongs of long standing, un- less the plaintiff disclosed due diligence in ascertaining his rights and discovering the fraud, and when therefore the conduct of the plaintiff was as important as that of the defendant in determining the right to present relief, we think no such rule obtains under our present practice. The statute aims to settle the question of limitation, ana it is not left to the discretion of the chancellor. The action may be brought at any time within two years after dis- covery of the fraud. It may not be brought thereafter. The question is, *When* did the plaintiff discover the wrong? and not, Was he diligent in its investigation? The ques- tion is one of time, and not of conduct. The statute re- quires in a petition a concise statement of the facts con- stituting the cause of action; but the manner in which the fraud has been discovered is no part of or element in such cause of action. The cause of action is in the wrong done; and even the time of discovery is a matter affecting solely the statute of limitations, and that statute has regard to the time, and not to the manner of discovery."

See, also, *Ryan v. Leavenworth, A. & N. W. Ry. Co.* 21 Kan. 365, 404. As we have said, there are cases which maintain the contrary doctrine. We prefer, how- ever, to follow the cases cited, as being more in consonance with the rules of pleading prescribed by the Code than those which adhere to the rules of the courts of equity.

Other errors are assigned going to the sufficiency of the evidence to sustain the verdict, and the instructions of the court to the jury. After a careful examination of the record on which they are based, we do not find them of sufficient merit to warrant a reversal of the case, or to justify the extended statement necessary to be made in order to clearly present the questions involved.

The judgment is affirmed.

REAVIS, C. J., and DUNBAR and ANDERS, JJ., concur.