[No. 6822.  Decided February 14, 1908.]

JAMES A. MERRIMAN *et al., Respondents,* v. S. W. THOMPSON
                    *et al., Appellants.*[1]

BROKERS—LIABILITY TO PRINCIPAL—ORAL APPOINTMENT—SALE BY
AGENT—EVIDENCE—SUFFICIENCY.  The evidence is sufficient to show
that real estate brokers acted as agents for the owners in selling
land for $2,500, and representing to the owners that they received
only $2,000, and the brokers are therefore liable to the owners for
the balance retained by them, where it appears that the brokers
had written authority to sell for the owners for a limited time, that
after expiration of such time, they were given oral authority to sell
for $2,500, with five per cent commissions, and after negotiating a
sale for said amount, wired an offer of $1,900 and represented that
$2,000 was the best offer they could obtain, deed being made reciting
such sum as consideration in reliance on the representations; and
it is immaterial on the question of agency that the brokers had no
written authority as required by statute to enable them to claim
commissions.

Appeal from a judgment of the superior court for Clarke
county, McCredie, J., entered February 7, 1907, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for money received.  Affirmed.

*Edgar M. Swan* and *A. L. Miller,* for appellants.

*E. M. Green,* for respondents.

ROOT, J.—This is an action by plaintiffs to recover a bal-
ance of $475, collected by defendants on the sale of a forty-
acre tract of land.  From a judgment in favor of the plain-
tiffs, this appeal is taken by defendants.

Respondents, in writing, appointed appellants their agents
to sell the land referred to, the latter doing business as real
estate agents in Vancouver, Washington.  The time within
which they were authorized to make the sale expired.  Sub-
sequently they gave appellants no written authority to sell,

[1]Reported in 93 Pac. 1075.

but told them orally that, if they could get a purchaser for $2,500, they would pay them five per cent commission. Afterwards they, by letter, authorized appellants to sell it for $2,250. Some time after this appellants sent to respondent James A. Merriman this message: "Will give $1,900 for your claim if accepted now. Wire answer." In response to this telegram, respondent Merriman called appellants over the long-distance telephone from Seattle and talked with appellant Swan. There is a conflict as to what was said over the telephone. Merriman testified that he was led to believe that they were selling the property as his agents to some other person, and that the price mentioned was the highest amount that could be obtained on a sale, and that he consented thereto under these circumstances. Appellants drafted a warranty deed wherein the consideration was mentioned as $2,000, and wherein one Gregory was named as grantee. This deed was sent to respondents to be executed, and was returned by them, after execution, to a bank in Vancouver, to be delivered upon payment of the purchase price. In the meantime appellants had sold the property to one Gregory—in fact, had negotiated with him for a sale for $2,500 prior to the time of sending the telegram to respondents.

It is contended by respondents that appellants were their agents, and that they relied upon the representations of such agents in executing and delivering the deed; that as such agents they were holden to make a full disclosure to respondents of all the facts concerning the contemplated sale. Appellants urge that they were not the agents of respondents; that under the statutes of this state they could not be such agents except under a written appointment, which they did not have, the time covered by the former appointment having expired. Mr. Gregory testified that respondents, in selling the property to him, told him that it belonged to Mr. Merriman, and that he understood that Merriman was asking $2,-500. Respondent Merriman says that, in the telephone con-

versation, he asked respondent Swan if the amount mentioned in the telegram was the best he could do, and Swan said that it was, and said, "We have a contract lying on the table for $2,000; that is all the man will give."

If the facts were as stated by Merriman, it would seem very clear that appellant Swan was talking as an agent to Merriman, and that the basis of their negotiations was the relationship of principal and agent. The testimony of Gregory, as well as certain admissions on the part of the appellants, tends to corroborate and strongly support the theory of respondents. The jury hearing the evidence and having the parties and witnesses before it, accepted respondents' theory, and the record is not such as to justify us in disturbing its conclusion. The fact that there was not in writing an employment of appellants as agents for respondents might have a bearing upon the question of their commission. But we do not think the lack thereof would justify appellants, after selling this property for $2,500, in retaining the difference between that and $2,000, which was the amount they represented to respondents as being the highest sum they could get for the property, and for which they had sold, or were about to sell, the same. *Stearns v. Hochbrunn,* 24 Wash. 206, 64 Pac. 165.

The judgment of the superior court is affirmed.

Dunbar, Rudkin, Fullerton, and Mount, JJ., concur.

Hadley, C. J. and Crow, J., took no part.