[No. 11304.  Department Two.  January 24, 1914.]

# C. H. STEWART et al., Respondents, v. G. A. PRESTON et al., Appellants.[1]

PRINCIPAL AND AGENT—FRAUD—LIABILITY OF AGENT.  Where an agent misrepresents the price he had paid for land thereby inducing his principal to pay an advanced price, the agent is liable to the principal for the difference in price.

BROKERS—FRAUD—EVIDENCE—ADMISSIBILITY.  In an action to recover from plaintiff's agent in the purchase of land the difference between the price actually paid by the agent and that which he represented as the cost, it is admissible to prove the customary commissions for purchasing lands for clients, where the plaintiff had offered to pay for the services, and defendant answered that he owed him nothing as he was to get his "commission" from the other side.

FRAUDS, STATUTE OF—BROKERS—EMPLOYMENT.  A contract authorizing an agent to purchase real estate, is not within the provision of the statute of frauds, requiring a contract employing a broker to sell real estate for a commission to be in writing.

APPEAL—PRESERVATION OF GROUNDS—PLEADING—OFFSET.  An offset or counterclaim will not be allowed on appeal where it was not pleaded below.

BROKERS—FRAUD—LIABILITY OF AGENT—DAMAGES—OFFSET.  An agent in the purchase of land, who was guilty of fraud in misrepresenting to his principal the amount paid for land, cannot offset against the damages the reasonable amount of his commissions which he had waived.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered May 16, 1912, upon the verdict of a jury rendered in favor of the plaintiffs, in an action upon implied contract.  Affirmed.

*Tolman & King*, for appellants.

*Graves, Kizer & Graves*, for respondents.

[1]Reported in 137 Pac. 993.

Morris, J.—It was sought in this action to recover the sum of $1,000, upon the ground that G. A. Preston, a real estate broker, while acting as an agent for respondents in the purchase of forty acres of land, falsely represented to them that he had purchased the land at $100 per acre, which was the least sum for which the land could be obtained; that, relying upon the truth of these false representations, respondents purchased the land at $100 per acre, and subsequently discovered that Preston had entered into a secret arrangement with the owner of the land whereby the land was actually sold at $75 per acre, but the seller was induced by Preston to name the consideration in the deed as $100 per acre in order to deceive and mislead respondents, paying the difference between the real consideration and the assumed one to Preston. Answering, appellants pleaded a general denial and affirmative defense, raising the statute of frauds by alleging that no written memorandum or agreement of employment had been entered into. The issues were submitted to a jury, verdict returned for respondents, and appeal taken from the judgment.

The first assignment of error suggests insufficiency of the evidence to sustain the verdict. All we care to say on this assignment is that the relation between the parties was purely a question of fact, and there is ample evidence to sustain the verdict so far as it establishes the agency and fiduciary character of the relation. The facts being established by the verdict, the law fixes the right of recovery, as, under all the authorities, a principal may recover from his agent money obtained from him through false and fraudulent representations upon which the principal acts to his loss. *Hindle v. Holcomb*, 34 Wash. 336, 75 Pac. 873; *Hanna v. Haynes*, 42 Wash. 284, 84 Pac. 861; *Easterly v. Mills*, 54 Wash. 356, 103 Pac. 475, 28 L. R. A. (N. S.) 952.

Error is next urged in the admission of evidence as to the customary commission paid real estate men in purchasing

lands for their clients. The record discloses that, on the day of the purchase, when Preston returned to respondents informing them that he had purchased the land and made a $100 payment, they spoke to him about his commission, and "told him that we would be glad to pay him something for his trouble and asked him what he wanted. He said we owed him nothing; that he was to get his commission from the other side." It was competent, therefore, to admit evidence of the usual commission, as touching what was in the minds of the parties and understood, and intended to be understood, when respondents were informed that Preston was being paid a commission by the seller. Respondents had a right to assume that, when Preston spoke of his commission, he referred to the usual and customary commission paid real estate men for services of a like character. This evidence is clearly admissible on the issue of fraud.

The next assignment urges there was no agency because not evidenced by writing. This contention is disposed of by *Peirce v. Wheeler*, 44 Wash. 326, 87 Pac. 361; *Merriman v. Thompson*, 48 Wash. 500, 93 Pac. 1075, and *Orr v. Perky Inv. Co.*, 65 Wash. 281, 118 Pac. 19. In the *Peirce* case, it is said:

"The contract which the statute declares to be void unless in writing is one for the payment of a commission to the agent, but it does not say that the actual authority to sell or purchase must be in writing."

In the *Merriman* case, it is said:

"The fact that there was not in writing an employment of appellants as agents for respondents might have a bearing upon the question of their commission. But we do not think the lack thereof would justify appellants, after selling this property for $2,500, in retaining the difference between that and $2,000, which was the amount they represented to respondents as being the highest sum they could get for the property, and for which they had sold, or were about to sell, the same."

These authorities affirm the rule as declared in other states. In *Rathbun v. McLay*, 76 Conn. 308, 56 Atl. 511, in disposing of a like contention, it is said:

"To adopt the defendant's contention would be to hold the monstrous doctrine that an agent employed to do anything concerning land could with impunity be as dishonest as he pleased and cheat and defraud his principal to his heart's content, if it chanced that his agency was not evidenced in writing."

It is finally urged that the court charged the jury: "If you find for the plaintiff, your verdict will be for $1,000 and interest from April 20, 1909." Appellants suggest under this assignment that, if the jury should find for plaintiffs upon the question of agency, Preston should be entitled to a commission, contending:

"To permit respondents to remain silent when appellant in effect notified them that he disclaimed any agency for them and declared openly and frankly that he was acting for the seller and receiving his commission from him, and then allow them to profit by their silence by mulcting appellant not only of his commission which he notified them he was to receive from the appellant, but to receive in addition even that which they admit to have been his reasonable commission on the sale, would reward them for remaining silent when it was their duty to speak and thereby permit them to take advantage of their own wrong."

There are two answers to this contention; (1) it was not pleaded; (2) it was not a defense. *Jameson v. Kempton*, 52 Wash. 106, 100 Pac. 186, where it is said, in disposing of a contention that, in this sort of action, the agent would be entitled to offset expenses incurred in making the purchase:

"The offset, if it be so taken, was not pleaded. Nor do we think it would have been a defense if it had been. One who undertakes to overreach another should not be allowed to offset his expenses against the actual damages sustained by his adversary."

The authorities generally so hold (19 Cyc. 225; 4 Am. & Eng. Ency. Law [2d ed.], 971) ; based upon the sound rule that, when an agent is guilty of fraud in executing the command of his principal, his right to compensation is lost.

Finding no error, the judgment is affirmed.

CROW, C. J., PARKER, MOUNT, and FULLERTON, JJ., concur.