## KERR v. HILLYARD.

No. 3085.   Decided January 29, 1918.   (170 Pac. 981.)

1. FRAUDS, STATUTE OF—CONTRACTS—EMPLOYING AGENT TO PURCHASE REALTY. Where plaintiff employed defendant to purchase real estate, defendant to get half of personalty going with the farm, not exceeding $300 and the real estate was transferred, the defendant could not set up the Statute of Frauds (Comp. Laws 1907, section 2467, subd. 5, as amended by Laws 1909, c. 72), requiring agreements authorizing agents to purchase real estate to be in writing, in an action by plaintiff for personalty obtained by defendant in excess of $300, because the part of the contract employing defendant to purchase real estate which had to do with real estate had been fully executed. (Page 366.)

2. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTIONS. A statement in the instructions outside the issues, which clearly does not prejudice an appellant, is not reversible error. (Page 368.)

Appeal from District Court of Cache County, First District; *Hon. J. D. Call,* Judge.

Action by T. L. Kerr against Ira Hillyard.

Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

*Geo. Q. Rich* and *A. A. Law* for appellant.

*Walters & Harris* for respondent. .

FRICK, C. J.

The plaintiff in his complaint in substance alleged that on May 1, 1915, one Bowman was the owner of a certain farm or tract of land and of certain personal property which plaintiff was desirous of purchasing for the sum of $7,500; that in order to accomplish his purpose he employed the defendant as his agent to purchase said farm and personal property from said Bowman for said sum of $7,500; that plaintiff furnished defendant said sum of money for the purpose aforesaid, and it was mutually agreed between plaintiff and defendant that the latter should receive as compensation for his services one-half of all the personal property that he should obtain with said farm for the amount of money aforesaid, not exceeding, however, the value of $300, and that all of the personal property in excess of $300, if any, should become plaintiff's property; that defendant entered into negotiations with said Bowman to purchase said farm and said personal property, and did purchase the same for said sum of $7,500 furnished by plaintiff, and obtained a deed for said farm from said Bowman, and all the personal property with said farm was also delivered to him; that said defendant, for said $7,500, obtained personal property from said Bowman of a value largely in excess of said $300, to wit, of the value of $850, which fact he fraudulently concealed from plaintiff, and all of which defendant wrongfully converted to his own use without the plaintiff's knowledge or consent, to his damage, etc.   The facts are stated with much particularity and detail in the complaint. ·

The defendant filed an answer in which he denied the allegations of the complaint, and as an affirmative defense averred that the alleged agreement between plaintiff and defendant was oral, and hence was void under the provisions of Comp. Laws 1907, section 2467, subdiv. 5, as amended by chapter 72, Laws Utah 1909, commonly known as the Statute of Frauds.

The district court ignored the defense of the Statute of Frauds, and submitted the cause to a jury upon the issues of

fact presented by the pleadings. The jury found the issues of fact in favor of plaintiff, and returned a verdict to the effect that the defendant had wrongfully detained from the plaintiff personal property which he had purchased from said Bowman, with said farm, with plaintiff's said money, which was in excess of the $300 which defendant was to receive, to the extent and value of $545. Judgment was duly entered on the verdict for that amount, and the defendant appeals.

The principal error relied on is that the court erred in submitting the case to the jury on the facts and in overruling defendant's plea of the Statute of Frauds. The provisions of section 2467, subdiv. 5, which are relied on by defendant, read as follows:

"In the following cases every agreement shall be void, unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith: * * * (5) Every agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission."

In our opinion the statute relied on has no application here. It is true that the defendant was employed by the plaintiff as his agent to purchase the farm and personal property from Mr. Bowman, and that the employment falls squarely within the letter of the statute. The transaction relating to the purchase of the farm and of the personal property was, however, fully executed, and the plaintiff is not suing the defendant to enforce a contract relating to the purchase or sale of real estate. What the plaintiff is seeking by this action is to compel the defendant to comply with his agreement which agreement was not prohibited by statute. That part of the agreement relating to the personal property was not prohibited by the statute, and the only reason plaintiff would not be permitted to enforce the same in an action at law, in case the transaction relating to the real estate had remained executory—that is had not been fully executed— would be because it was an inseparable part of the original employment to purchase the farm from Mr. Bowman. When the agreement relating to the purchase of the farm had become

fully executed, however, then there was no longer any legal obstacle in the way which would prevent the plaintiff from compelling the defendant to account for the personal property he had received from Mr. Bowman in excess of the $300, which was the amount of his compensation, all of which he had received and retained. The principle now under consideration is well and clearly stated by the author of Browne on the Statute of Frauds, section 117, in the following words:

"When so much of a contract as would bring it within the Statute of Frauds has been executed, all the remaining stipulations become valid and enforceable, and the parties to the contract regain all the rights of action they would have had at common law. Thus when, in pursuance of a verbal contract, a conveyance or lease of land is executed, or goods are sold and delivered, an action may be maintained for the breach of the promise to pay the price, or of any of the other stipulations of the contract: Provided, of course, they are not such stipulations as the statute requires to be in writing."

The author proceeds further:

"This doctrine is commended by soundness in principle, and has in its favor the clear weight of authority; but there are cases really or apparently opposed to it, and a somewhat extended examination of these cases will be useful."

The author then proceeds to review the cases referred to.

The text cited from Mr. Browne is supported by the following cases: *Eastman* v. *Anderson*, 119 Mass. 526; *Remington* v. *Palmer*, 62 N. Y. 31; *Worden* v. *Sharp*, 56 Ill. 104; *Root* v. *Burt*, 118 Mass. 521; *Reyman* v. *Mosher*, 71 Ind. 596; and *Winters* v. *Cherry*, 78 Mo. 344. The judgment of the trial court may, however, be sustained upon the authority of cases which are directly in point upon the question involved here.

A statute like ours is in force in the state of Washington, and the Supreme Court of that state has had occasion several times to pass upon questions like those involved in the case at bar. The cases of *Merriman* v. *Thompson*, 48 Wash. 500, 93 Pac. 1075, *Orr* v. *Perky Invt. Co.*, 65 Wash. 281, 118 Pac. 19, and *Stewart* v. *Preston*, 77 Wash. 559, 137 Pac. 993, are all cases where the proposition insisted on by the defendant was decided against his contention. The decisions in the fore-

going cases all proceed upon the theory that the Statute of
Frauds has no application to fully executed contracts, and
that matters arising out of executed contracts may be en-
forced.   It is not necessary to review those cases further.

The only other assignment relates to a statement contained
in one of the court's instructions to the jury.   While the
statement referred to was outside of the issues, yet it is
so palpably clear that the defendant was not preju-        2
diced thereby that we shall refrain from pursuing it
further.   If cases should be reversed upon matters so trivial
as the one in question, no judgment could stand.

The judgment is affirmed, with costs to the plaintiff.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ.,
concur.