[No. 15276.   Department One.   July 14, 1919.]

JACOB ZITTEL et al., Respondents, v. EDWARD F. MEYER et al., Appellants.[1]

FRAUDS, STATUTE OF (20)—REAL PROPERTY—CREATION OF INTERESTS—TRUSTS—AGENCY. The fraud of an agent, orally employed to purchase real estate for his principal, cannot be avoided by the plea that his agency was not evidenced in writing and that the statute of frauds prevents the impressing of a trust upon the real property in his hands.

Appeal from a judgment of the superior court for Grant county, Hill, J., entered November 12, 1918, upon findings in favor of the plaintiffs, in consolidated actions for equitable relief, tried to the court. Affirmed.

*J. P. Ball* and *Wm. T. C. Ball,* for appellants.

*Daniel T. Cross* and *Jones & Riddell,* for respondents.

MACKINTOSH, J.—The respondents, Zittel and Holzkamp, and appellant Meyer, by an oral agreement, purchased lands in Grant county for their joint account. The respondents were to furnish the money to make the initial payments and take title to the property, and Meyer was, within one year thereafter, to pay to them the portion of the purchase price corresponding to such interest as he might desire in the lands. Meyer was to negotiate the purchase of the

[1]Reported in 182 Pac. 585.

property, and under this agreement various tracts were acquired. Through sundry and divers manipulations, Meyer had transferred to respondents a portion of the property and retained title to a portion in himself. It is unnecessary to follow the tortuous trails that Meyer pursued; it is sufficient to say that they resulted in securing 440 acres of property, the real purchase price of which was $7,400, but which cost the respondents $6,250 in cash, of which Meyer retained $2,250 for himself, and, in addition, a note of one of the respondents in the sum of $200, and mortgages aggregating $9,850 upon the three hundred acres of land which were transferred to the respondents, and mortgages for $3,400, being the balance of the purchase price. In other words, the venture as it now stands shows the respondents to have invested $6,250 in cash, to owe $10,050 to Meyer and $3,400 to the original owners of the property, and they have title to 300 acres, Meyer has title to 140 acres, and has $2,250 in cash, and has owing him by the respondents $10,050.

Two actions were begun by the respondents to clear up this situation, and two actions were also begun by the holders of mortgages given to Meyer's representatives for the purpose of foreclosure. These various actions were consolidated and are here as one.

The contention of the appellants is that all the arrangements between the parties having been oral, the statute of frauds prevents the impressing of any trust upon the property in the hands of Meyer or his dummy representatives. In *Stewart v. Preston,* 77 Wash. 559, 137 Pac. 993, we committed ourselves to the salutary rule that the fraud of an agent who was orally employed to purchase real estate for his principal may not be avoided by the plea that his agency was not evidenced in writing.

The court prepared and signed voluminous findings and conclusions based upon what is the great preponderance of the evidence, and has made straight the crooked places in these transactions as nearly as is possible under all the circumstances, and we are satisfied that these findings and conclusions and the decree based thereon are correct, and they are hereby adopted and affirmed.

HOLCOMB, C. J., MAIN, TOLMAN, and MITCHELL, JJ., concur.