[No. 22129. Department Two. July 14, 1930.]

EWING & CLARK, INCORPORATED, *Appellant*, v. W. J. MUMFORD *et al.*, *Respondents*.[1]

*Karl H. Kober, Elias A. Wright,* and *Sam A. Wright,* for appellant.

*Byers & Byers* and *John A. Homer* (*Alfred J. Westberg,* of counsel) for respondents.

FULLERTON, J.—In this action, the appellant, Ewing & Clark, Inc., sought to recover from the respondents, Mumford, the sum of $1,067.93 as for a breach of a contract. There was a judgment in the court below in

[1]Reported in 289 Pac. 1026.

favor of the respondents, and the appeal before us is from that judgment.

On September 19, 1928, the respondents were the owners of a tract of land situated in the city of Seattle, in this state. They had acquired the property some two and one-half years prior to the date given from one Hainsworth. Hainsworth, while the owner of the property, had leased a part thereof to the Standard Oil Company for a term commencing on January 1, 1925, and terminating on December 31, 1929. The lease was in full force and effect at the time of the purchase by the respondents, and the title to the property was taken by them subject to the terms of the lease. Under the terms of the lease, the lessee was granted the right to maintain on the premises a service station for the sale of gasoline, and other oils and products of petroleum. It also contained a provision granting to the lessee a preference right to purchase the leased part of the property should the owner desire to sell it.

The appellant is a real estate broker. It had in its employment a salesman, one Clark Ewing. Ewing learned from another broker that the respondents desired to sell the property, and he called at the respondents' home to ascertain the terms and conditions on which the property could be purchased and procure a listing of the property for the firm for which he was working, and did obtain, so he testifies, "a verbal listing" of the property. The price at which the respondents agreed to sell the property was $15,200 net to them.

Some few days later, the appellant found a purchaser for the property in the person of one Dr. King, who agreed to purchase the property for $16,500, the consideration to be paid in cash. The appellant gave to King what is termed an earnest money receipt. The receipt acknowledges a payment of $500 on account of

the purchase price, to be returned if the sale was not completed through the fault of the owner of the property. In the receipt, the appellant was described as "agent," and it was specially provided that the agent was in no wise responsible for the delivery of the title to the property, and that the agreement was entered into subject to the approval of the owner. The instrument is dated September 29, 1928.

On the same day, the appellant prepared in its office a form of contract by which the respondents gave to the appellant an option to purchase the property within ten days from its date at a price of $15,000. It provided that the property should be conveyed by a "good and sufficient warranty deed, free from all liens and incumbrances of every nature," except an assessment for paving, levied under an ordinance of the city of Seattle. The appellant knew at the time of the unexpired lease on a part of the property held by the Standard Oil Company, and of the prior right to purchase the leased portion of the property granted by the lease, yet no mention was made of it in the prepared form of the contract. In the evening of the same day, an officer of the appellant and the salesman mentioned took the contract to the home of the respondents, where it was executed by the respondents without a change in its terms, save that the amount of the purchase price was increased by $200.

The appellant's representatives did not disclose to the respondents that their principal had at that time contracted, as the respondents' agent, to sell the land to another at an increased price, nor did they call the attention of the respondents to the further fact that no reference was made to the oil company's lease, and the respondents did not themselves have it in mind. It did occur to them a few days later, at which time the husband respondent went to the office of appellant and

brought the matter to its attention. At that time, it was thought advisable to give the company notice of the prospective sale. A notice was prepared in the appellant's office and forwarded to the company, which led to some correspondence between them. No agreement was reached, however, and the respondents thereupon refused to convey the property to the appellant in accordance with their contract. This refusal constitutes the breach of contract for which the appellant sues in this action. It contends that it is entitled to recover from the respondents the difference between the price at which the respondents contracted to sell the property to them and the price at which it contracted to sell the property to Dr. King.

The appellant has made a somewhat extended argument intended to show that the conclusion of the trial court was erroneous, but we think it unnecessary to follow the argument in detail. When the appellant obtained authority from the respondents to find a purchaser for the property at a stated price, the relation of principal and agent was created between them, and this notwithstanding the listing of the property was verbal and not in writing. *Stewart v. Preston,* 77 Wash. 559, 137 Pac. 993. It was the duty of the appellant thereafter, when dealing with the respondents with relation to the property, to disclose to them the situation as it then existed. Since it did not do this, the contract of purchase was voidable at the option of the respondents, and no actionable wrong arose from their subsequent repudiation of the contract.

There was, it is true, a conflict in the evidence on the question whether the appellant did inform the respondents of the true situation when the contract was entered into. But the trial court found the facts against the appellant, and our examination of the testimony

convinces us that the greater weight of the evidence supports this conclusion.

There is also a question made whether the respondents did not acquiesce in the contract by their delay in repudiating it after having discovered the facts. But on this question, also, we are inclined to the view of the trial court.

The judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and HOLCOMB, JJ., concur.