[No. 29601. Department Two. June 23, 1945.]

OTIS B. GREEN et al., Respondents, v. H. H. BENTON et al., Defendants, JAMES F. HUSON, Appellant.[1]

Reuben Lee Crandell, for appellant.

Little, Burgunder & Smith, for respondents.

BLAKE, J.—The defendant James F. Huson is a real estate broker. Plaintiffs employed him to sell their equity in a certain piece of property. The trial court found that Huson sold the real estate on the basis of a $4,250 valuation; that he fraudulently represented to plaintiffs that the sale had been made for $3,750 and accounted to them on that basis. Judgment was accordingly entered in favor of plaintiffs in the sum of five hundred dollars.

Defendants Benton were dismissed from the action. Defendant Huson appeals.

There is little dispute in the essential facts. The respondents purchased the real property in question in August, 1942, under contract—paying four hundred dollars down and agreeing to pay forty dollars a month. Sometime

[1]Reported in 160 P. (2d) 535.

prior to October 14, 1942, they listed the property for sale with Huson. On the latter date, Huson and Benton appeared at respondents' home and negotiated for their equity. An agreement was reached, to bind which Benton gave Green his check for twenty-five dollars. Green and his wife, at the same time, executed and delivered the following receipt:

"Received the sum of $25 earnest money on the sale of my equity in my house at 2911 39th S. W., Seattle, Wash., for the sum of four hundred dollars, including amount hereby receipted for."

On October 19th, respondents executed and delivered to Benton an assignment of their contract for the purchase of the property, and a quitclaim deed. No additional money was paid to respondents at that time.

In the meantime, on October 17th, Huson had received a check for fifty dollars as an earnest-money payment from one Thomas Allen, to whom the property was sold on the basis of a $4,250 valuation. Benton knew on October 18th that Huson held the fifty-dollar, earnest-money payment made by Allen, but neither he nor Huson made a settlement with the respondents until the deal with Allen was finally consummated.

Benton took the position that he was an investor dealing with respondents at arm's length. The court sustained his contention and dismissed him and his wife from the action. That ruling is not before us for review, since respondents did not cross-appeal. Nevertheless, considering the evidence as a whole, we think the court was fully warranted in holding Huson to accountability for withholding from respondents, while Benton's deal with them was pending, the fact that Allen had agreed to buy the real estate for $4,250.

In all essential features, the case is indistinguishable from *Stearns v. Hochbrunn*, 24 Wash. 206, 64 Pac. 165, in which it was said, p. 211:

"A broker employed to procure a purchaser for the real property of another must, like all other agents, exercise good faith toward his principal. He is not permitted to

speculate with the subject-matter of his agency for his own advantage. If he sells for one price and reports a less price, or if he is authorized to sell at a certain price and sells for a higher price than that authorized, he must account to his principal for the difference."

Judgment affirmed.

BEALS, C. J., ROBINSON, SIMPSON, and MALLERY, JJ., concur.